Anne Brown JONES, Appellant,

v.

Dr. Conrad NIGHTINGALE d/b/a Bandera Hill Country Veterinarian Hospital and Equine Center, Appellee.

No. 04–94–00580–CV.

Court of Appeals of Texas, San Antonio.

April 12, 1995.

Andy Cline, Law Offices of Andy Cline, San Antonio, for appellant.

Richard B. Copeland and David P. Benjamin, Plunkett, Gibson & Allen, Inc., San Antonio, for appellee.

Before CHAPA, C.J., and HARDBERGER and DUNCAN, JJ.

## OPINION

CHAPA, Chief Justice.

This is an appeal from a general summary judgment granted on Appellee's declaratory judgment action. Appellant appeals on two points of error.

Appellant Jones brought a prior lawsuit against Appellee Nightingale for personal injuries she had sustained while in his employ. Jones claimed that she injured her knee on the uneven floor surface of a barn while leading a mare back into the barn. She had originally alleged that she was negligently injured while in the scope and course of her employment. A year later, she amended her petition to allege that Dr. Nightingale was contractually obligated to pay for her injuries, based on an alleged oral promise to pay medical expenses for any on-the-job injuries sustained after he had canceled his workers' compensation insurance coverage. The day after the trial began, Jones abandoned her contract claim in open court. She filed a written motion abandoning the claim pursuant to Rule 165 of the rules of civil procedure, and the trial court entered an order on the voluntary abandonment of the contract claim. *See* TEX.R.CIV.P. 165. The jury found no negligence, and a judgment denying Jones recovery of her medical expenses was entered, which became final. Jones's attorney then sent a letter to Dr. Nightingale threatening litigation on the contract claim to recover her medical expenses. Dr. Nightingale filed a declaratory judgment action requesting that the court declare that no oral contract existed, that the contract claim was waived and abandoned, and that res judicata barred any claim that may have existed under the alleged contract. He filed for summary judgment on theories of res judicata and collateral estoppel, abandonment, statute of frauds, absence of a contract, and failure of consideration. The trial court granted a general summary judgment and denied Jones's motion for new trial.

In her first and second points of error, Jones contends that the trial court erred in granting Nightingale's motion for summary judgment and in denying her motion for new trial.

Jones points out that she abandoned her contract claim in the trial court under the provisions of Rule 165 of the Texas Rules of Civil Procedure, which states:

A party who abandons any part of his claim or defense, as contained in the pleadings, may have that fact entered of record, so as to show that the matters therein were not tried.

TEX.R.CIV.P. 165. Jones argues that, as a matter of law, claims that are expressly and properly excluded by a party in a prior proceeding are not res judicata in subsequent proceedings between the same parties. She therefore contends that she is not collaterally estopped from pursuing her contract claim because she abandoned it in the previous litigation.

■ The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972); TEX. R.CIV.P. 166a(c). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmovant. *Nixon*, 690 S.W.2d at 549; *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Every reasonable inference from the evidence will be indulged in favor of the nonmovant, and any doubts will be resolved in his favor. *Nixon*, 690 S.W.2d at 549; *Montgomery*, 669 S.W.2d at 311.

■ Summary judgment may be obtained upon a plea of res judicata. *Walker v. Sharpe*, 807 S.W.2d 442, 447 (Tex.App.—Corpus Christi 1991, no writ). A movant asserting the defense of res judicata has the burden of presenting sufficient evidence, including judgments and pleadings from the prior suit, to establish that the defense applies. *Id.* To prevail, therefore, the movant must produce summary judgment evidence, including verified or certified copies of the judgment and pleadings that establish the appli-

cability of the doctrine. *Id.; see Boswell v. Handley,* 397 S.W.2d 213, 216 (Tex.1965); *see generally* Timothy Patton, *Summary Judgments in Texas* 202–04 (1992). Dr. Nightingale's summary judgment evidence consisted of the following: (1) a certified copy of Dr. Nightingale's Petition for Declaratory Judgment in the instant case; (2) a certified copy of Ms. Jones's Second Amended Petition in Cause No. 5525–92 [the original trial]; (3) a certified copy of a motion and order to abandon, filed by Ms. Jones in Cause No. 5525–92; (4) a certified copy of the judgment of Cause No. 5525–92; (5) Dr. Nightingale's affidavit, and (6) an affidavit by attorney Richard B. Copeland authenticating the following: (a) an August 25, 1992, letter from Ms. Jones's attorney which Nightingale alleges admits that no contract ever existed; (b) a December 8, 1993, letter from Ms. Jones's attorney demanding payment for her medical bills after entry of the judgment in the jury trial; and (c) Ms. Jones's supplemental answers to interrogatories.

▬ In *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627 (Tex.1992), the supreme court clarified the Texas position on res judicata, and adopted the transactional approach of the *Restatement (Second) of Judgments* (1982). We find that the facts before us rest squarely within the dictates of *Barr.* Res judicata "bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in the prior suit." *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex. 1984). In defining res judicata as a general term for a group of related concepts, the Texas Supreme Court declared:

> Within this general doctrine, there are two principal categories: (1) claim preclusion (also known as res judicata); and (2) issue preclusion (also known as collateral estoppel). Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, *as well as related matters that, with the use of diligence, should have been litigated in the prior suit.* Issue preclusion, or collateral estoppel, prevents relitigation of particular issues already resolved in a prior suit.

*Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex.1992) (emphasis added) (footnotes and citations omitted). Claim preclusion prevents splitting a cause of action. *Id.* at 629 (citing *Jeanes v. Henderson,* 688 S.W.2d 100 (Tex.1985)). Such a doctrine is necessary to bring a final end to litigation and promote judicial economy. *Id.*

The *Barr* court acknowledged the difficulty in determining what claims "should have been litigated" in the prior suit. After reviewing its previous conflicting res judicata holdings, the court adopted the "transactional approach" to claims preclusion of the *Restatement (Second) of Judgments. Barr* at 631. The court noted:

> A "transaction" under the Restatement is not equivalent to a sequence of events, however; the determination is to be made pragmatically, "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage."

*Id.* (quoting Section 24(2) of the *Restatement (Second) of Judgments* (1982)).

In the case before us, under both a negligence theory and a contract theory, Jones sought to recover for injuries stemming from a single occurrence, namely, the knee injury she suffered on returning a mare to the barn. Whether she sought recovery on a theory of negligence or contract, the central issue was the right to recover medical bills incurred as the result of one on-the-job accident. Under either theory, the facts regarding her injury involved her employment with Dr. Nightingale, the single injury, her medical condition, and her medical special damages. Thus, her claims arose from facts that were related in time, space, origin, and motivation.

Moreover, the litigation of her alternate causes of action in negligence and contract would have formed a "convenient trial unit" and would have conformed to the "parties' expectations." Indeed, Jones's Second Amended Original Petition, in which she relied on both theories, indicates that she considered the two causes of action to be a "trial unit" and demonstrated her "expectations" to

recover for her injuries under either of the claims.

In *Barr*, the court expressly noted that procedural rules such as those allowing discovery, alternative pleadings, and trial amendments to add new theories of recovery "obviate the need to give parties two bites at the apple." *Barr* at 631. Jones's assertion that Rule 165 allows her to bring a second suit to recover for a previously litigated injury turns the court's observation on its head. We cannot find a case, nor does Jones cite one, that interprets Rule 165 as permitting a party to pursue the same recovery for the same injury in successive trials based on differing theories of recovery.

 Jones relies on *Weiman v. Addicks–Fairbanks Road Sand Co.*, 846 S.W.2d 414 (Tex.App.—Houston [14th Dist.] 1992, writ denied), in which the court stated: "A party is not barred from litigating claims in a subsequent suit merely because he voluntarily withdrew those claims from an earlier suit, unless the withdrawal was with prejudice." *Id.* at 421. The court went on to say, however, that such claims are still subject to the rules of procedure. The court then found the appellant's claims, which had been nonsuited without prejudice, were nonetheless barred by the compulsory counterclaim rule. *Id.* The same principle applies here. Voluntarily withdrawn claims are still subject to the doctrine of res judicata. In *Barr*, the supreme court drew a parallel between res judicata and compulsory counterclaims, stating:

> The definition of res judicata … is substantially similar to the rule of compulsory counterclaims embodied in the rules of civil procedure. A party defending a claim must bring as a counterclaim any claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. . . ." Tex.R.Civ.P. 97.

*Barr*, 837 S.W.2d at 630.

 We conclude that Appellee Nightingale conclusively proved his defense of res judicata, which bars Jones's contract claim.

The decision of the trial court is AFFIRMED.