**Rosemary GALVAN and Arnulfo Galvan, Appellants,**

v.

**AMERICA'S FAVORITE CHICKEN COMPANY f/k/a Al Copeland Enterprises and Raul Briseno, Appellees.**

No. 04–96–00358–CV.

Court of Appeals of Texas, San Antonio.

Oct. 23, 1996.

See also, 897 S.W.2d 874.

_____

Daniel R. Rutherford, The Law Offices of Daniel R. Rutherford, Alex Katzman, The Law Offices of Katzman & Katzman, San Antonio, for Appellants.

J. Daniel Harkins, Brett W. Schouest, Cox & Smith Incorporated, San Antonio, for Appellees.

Before CHAPA, C.J., and STONE and GREEN, JJ.

**OPINION**

PER CURIAM.

This is the second appeal of a slip and fall claim. The claim was originally filed in Bexar County, but Rosemary Galvan non-suited so that she and her husband could refile the same suit in Maverick County. The proposed order of non-suit that the Galvans' counsel prepared for signature, however, inadvertently granted the non-suit with prejudice. In an attempt to undo that error, counsel obtained a judgment nunc pro tunc which granted a non-suit without prejudice. That effort was reversed on appeal and the original dismissal with prejudice was rein-

stated. *See America's Favorite Chicken Co. v. Galvan,* 897 S.W.2d 874 (Tex.App.—San Antonio 1995, writ denied). The Maverick County trial court granted summary judgment in favor of defendants on the ground of res judicata and this appeal ensued.

### Res Judicata

The Galvans urge reversal claiming they have been deprived of their day in court. They argue that a voluntary dismissal of the Bexar County case did not constitute a trial in which the issues were fully and fairly litigated, hence there can be no res judicata. They are unable to cite a single case in support of this theory. Rather, they dispute the findings already settled in the earlier appeal and attempt to distinguish each case the appellees have cited in their brief. We have already determined that "orders of nonsuits or dismissals with prejudice do constitute an adjudication on the merits." *Id.* at 877–78; *see also Thompson v. Texas Dep't of Human Resources,* 859 S.W.2d 482, 482 (Tex. App.—San Antonio 1993, no writ) (same).

Regardless of whether the dismissal with prejudice was voluntary or involuntary, the Galvans are barred by the principle of res judicata from relitigating the same claims in Maverick County. *See Jones v. Nightingale,* 900 S.W.2d 87, 90 (Tex.App.—San Antonio 1995, writ ref'd) (res judicata applies to voluntarily withdrawn claims when withdrawn with prejudice). This bar to relitigation extends to Arnulfo Galvan's derivative claims as well. *Id.* Appellants' points of error one and two are overruled.

The Galvans alternatively argue against the application of collateral estoppel in this case. Because summary judgment was specifically granted only on the principle of res judicata, this argument does not apply here. Appellants' third alternative point of error is overruled. The summary judgment is affirmed.