TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00700-CV






Alan W. Nalle, Appellant



v.



Richard D. Dozier; Dirk A. Dozier; Austaco, Inc.; and Austaco II Real Estate


 Partners, Ltd., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 95-03468, HONORABLE MARGARET COOPER, JUDGE PRESIDING 






 Appellant, Alan W. Nalle, sued appellees for tortious interference with a lease agreement. 
Appellees moved for summary judgment based on the merits of the case as well as on the affirmative
defenses of res judicata, collateral estoppel, and statute of limitations. The district court granted summary
judgment in favor of appellees, and Nalle now appeals. We will affirm the judgment of the district court.


STATEMENT OF FACTS

 In 1976, Jim Ray leased the property in dispute, located at 9600 North Lamar in Austin,
to Taco Bell Corporation ("Taco Bell") for a twenty-year period. Taco Bell then sublet the premises to
Austaco, Inc. ("Austaco"), which held a franchise to operate a Taco Bell restaurant at that location. 
Appellant Nalle purchased the property in 1989 and acquired all rights formerly held by Jim Ray. Under
the lease agreement, Nalle's monthly compensation was the greater of the fixed sum of $1,350 or five
percent (5%) of the restaurant's gross sales. (1) Austaco operated a lucrative Taco Bell restaurant on the
property from the inception of the lease until April 1993, at which time it closed the restaurant and opened
a new Taco Bell restaurant located nearby at 9504 North Lamar. Austaco then used Nalle's property as
an equipment storage facility until Nalle executed a lease with a Golden Fried Chicken franchise. 


PROCEDURAL BACKGROUND

 This is Nalle's second suit regarding the relocation of the Taco Bell restaurant. In his
original lawsuit ("first suit"), Nalle alleged that Taco Bell and Austaco had breached the lease covenant
requiring Taco Bell continuously to operate one of its restaurants on the premises. Nalle sought as damages
the lost percentage rentals. Nalle also sued for property damage to the building based upon breach of the
repair covenant. Taco Bell and Austaco counterclaimed for wrongful termination of the lease and moved
for summary judgment. The district court granted summary judgment for Taco Bell and Austaco on the
breach of contract claim and severed the two remaining claims, allowing the summary judgment on the
breach of contract claim to become final so that Nalle could appeal. This Court affirmed the summary
judgment in favor of the defendants and held that the lease did not contain an express or implied covenant
of continuous operation. See Nalle v. Taco Bell Corp., 914 S.W.2d 685 (Tex. App.--Austin 1996, writ
denied).

 In March 1995, Nalle filed this suit for tortious interference with the lease agreement
("second suit") against Austaco, Richard D. Dozier, Dirk A. Dozier, and Austaco II Real Estate Partners,
Ltd. (2) Nalle alleged appellees interfered with the lease between himself and Taco Bell and, again, sought
to recover lost percentage rentals. In the second suit, Nalle claims that "at some time unknown to him but
believed to be in 1992" appellees approached Taco Bell to discuss moving the restaurant from his premises
before the twenty-year lease expired. Appellees moved for summary judgment on the tortious interference
claim and requested sanctions. The district court granted summary judgment in favor of appellees, severing
the motion for sanctions. Nalle appeals the summary judgment in eight points of error. As we will resolve
the case on the doctrine of res judicata, we will not reach the merits of Nalle's additional points of error.


STANDARD OF REVIEW

 The standards for reviewing a motion for summary judgment are well established. (3) The
movant for summary judgment has the burden of showing that no genuine issue of material fact exists and
that it is entitled to judgment as a matter of law. In deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the nonmovant will be taken as true. Every
reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. 
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). The function of
summary judgment is not to deprive litigants of the right to trial by jury but to eliminate patently
unmeritorious claims and defenses. Gulbenkian v. Penn, 252 S.W.2d 929, 931 (Tex. 1952). When the
trial court's summary judgment order does not specify the ground on which the summary judgment is
granted, an appellate court will affirm the judgment if any ground stated in the motion is meritorious. Carr
v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). 

 A movant for summary judgment must prove conclusively all essential elements of an
affirmative defense in order to be entitled to summary judgment on the defense. Swilley v. Hughes, 488
S.W.2d 64, 67 (Tex. 1972). Summary judgment may be obtained upon a plea of res judicata. Jones v.
Nightingale, 900 S.W.2d 87, 88 (Tex. App.--San Antonio 1995, writ ref'd). In order to prevail on the
defense of res judicata, the movant has the burden of producing summary judgment evidence, including
verified or certified copies of the judgments and pleadings from the prior suit, that establishes the
applicability of the doctrine. Id. at 88-9. 


ANALYSIS

 Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that
has been finally adjudicated, as well as related matters that, with the use of diligence, should have been
litigated in the prior suit. Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992). The
policies underlying the doctrine include the need to bring all litigation to an end, the fostering of judicial
economy, and the prevention of vexatious litigation. Id. at 629. In order to be entitled to summary
judgment on the defense of res judicata, appellees must prove: (1) a prior final judgment on the merits by
a court of competent jurisdiction; (2) the identity of parties or those in privity with them; and (3) a second
action based on the same claims as were raised or could have been raised in the first action. Amstadt v.
United States Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996); see also Texas Water Rights Comm'n
v. Crow Iron Works, 582 S.W.2d 768, 771 (Tex. 1979) (stating the doctrine of res judicata applies to
cause of action finally determined, without appeal, between parties, on the merits, and by a competent
tribunal).

 The first issue we must address is whether claims severed from the first suit, still pending
in the district court, prevent the summary judgment on the breach of contract claim from having res judicata
effect on additional claims. We hold that the severed claims do not prohibit the operation of res judicata. 

 Citing no authority on point, Nalle argues res judicata does not apply to a partial summary
judgment severed merely for purposes of appeal. Nalle contends that as long as any portion of the original
claim arising from the transaction at issue remains pending in the trial court, it is subject to amendment. He
argues, therefore, that the partial summary judgment is not entitled to res judicata effect as this would negate
the right to amend the remaining portion of the first case. The Restatement of Judgments explains that, for
the purpose of res judicata, a judgment may be final as to a part of an action although litigation continues
as to the rest. Restatement (Second) of Judgments § 13 cmt. e (1982). This Court affirmed a final
summary judgment on the breach of contract claim in the first case; it is clear that res judicata would bar
another suit for breach of contract even though some severed claims have yet to be litigated. The question
now becomes whether the summary judgment on the breach of contract claim bars a subsequent tortious
interference suit.

 A subsequent suit will be barred if it arises out of the same subject matter as a previous suit
and, through the exercise of diligence, could have been litigated in the prior suit. Barr, 837 S.W.2d at 631. 
The Texas Supreme Court has noted:


A determination of what constitutes the subject matter of a suit necessarily requires an
examination of the factual basis of the claim or claims in the prior litigation. It requires an
analysis of the factual matters that make up the gist of the complaint, without regard to the
form of action. Any cause of action which arises out of those same facts should, if
practicable, be litigated in the same lawsuit.



Id. at 630.

 The "gist" of both Nalle's breach of contract and tortious interference claims is that he lost
percentage rentals when the Taco Bell restaurant moved off his property. The final judgment on the breach
of contract claim, therefore, bars the tortious interference claim because these suits arose out of the same
subject matter and should have been brought together. (4) Furthermore, there is no doubt that Nalle could
have brought the tortious interference suit when he filed the other claims. Instead, he waited to file the
tortious interference suit until March 1995, approximately one month after the district court granted
summary judgment against him on breach of contract and severed the remaining claims. He cannot now
claim res judicata does not apply. Such a position is inconsistent with the policies underlying res judicata
to promote judicial economy and bring an end to all litigation. See Barr, 837 S.W.2d at 629; Jeanes v.
Henderson, 688 S.W.2d 100, 105 (Tex. 1985). A suit to recover for property damage to the vacated
premises has little to do with whether Nalle's tenant had the right to move or was influenced to do so. 
Consequently, the pending suit does not prevent application of res judicata to this action.


I. Final Judgment

 Appellees included in their summary judgment proof the Order Denying Motion for New
Trial And Modifying Summary Judgment And Order Of Severance entered in the first suit. In its order,
the district court severed (1) the issue of whether there was a wrongful termination of the lease, (2) the
defendant's entitlement to any damages and attorney's fees stemming from the counterclaim, and (3) any
right Nalle might have to recover under the repair covenant in the lease. Except for the severed matters,
the district court decreed that Nalle take nothing on any and all other claims against defendants. By
severing the remaining claims, the district court made the summary judgment on the breach of contract claim
final. See Hall v. City of Austin, 450 S.W.2d 836, 837-38 (Tex. 1970) (stating a severance divides the
lawsuit into separate, independent causes and a subsequent judgment which disposes of all parties and
issues in one of the severed causes is final and appealable). 


II. Privity

 Nalle contends that res judicata does not bar the second suit against the Doziers and
Austaco II because these defendants were not parties to the first suit and because they cannot establish
privity with either of the original defendants. We disagree and hold that the Doziers and Austaco II are in
privity with original defendant Austaco.

 According to the Texas Supreme Court, parties can be in privity in at least three ways: (1)
they can control an action even if they are not parties to it; (2) their interests can be represented by a party
to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior
action. Amstadt, 919 S.W.2d at 653. However, since there is no general definition of privity that can be
applied automatically in all res judicata cases, the circumstances of each case must be examined. Getty
Oil Co. v. Insurance Co. of North America, 845 S.W.2d 794, 801 (Tex. 1992). 

 Nalle maintains that the Doziers were not in privity with Austaco because they acted
adversely to Austaco's interest by moving the restaurant. Appellees asserted in their motion for summary
judgment that the Doziers were in privity with Austaco because Richard D. Dozier was the owner of all
Austaco's stock shares and both Richard D. Dozier and Dirk A. Dozier were Austaco's chief executive
officers. Consequently, they controlled and directed the conduct of Austaco in the first suit, even though
they were not named parties in that action. Appellees further point out that any adverse judgment against
Austaco would have impacted them. Appellees also argue Austaco II is in privity with Austaco. Austaco
II is an affiliate of Austaco and is owned solely by the Dozier family. (5) Under the flexible concept of privity,
we find that these circumstances compel us to conclude that Richard D. Dozier, Dirk A. Dozier, and
Austaco II are in privity with Austaco for purposes of res judicata.


III. Same Transaction

 Nalle argues the tortious interference claim does not arise from the same transaction as the
claims he asserted in the first lawsuit. We hold that both the breach of contract and tortious interference
suits arise out of the same transaction.

 Texas has adopted the transactional approach to res judicata advocated by the
Restatement of Judgments. The Restatement "provides that a final judgment on an action extinguishes the
right to bring suit on the transaction, or series of connected transactions, out of which the action arose." 
Barr, 837 S.W.2d at 631. A transaction is determined by "`giving weight to such considerations as
whether the facts are related in time, space, origin or motivation, whether they form a convenient trial unit,
and whether their treatment as a trial unit conforms to the parties' expectations or business understanding
or usage.'" Barr, 837 S.W.2d at 631 (citing Restatement (Second) of Judgments § 24(1) (1982)).

 In the first suit, Nalle sued Taco Bell and Austaco for breach of contract, claiming as
damages lost percentage rentals. His specific complaint was the closing down of the Taco Bell restaurant
on his property and the opening of a new Taco Bell restaurant in close proximity. Nalle argued that the
lease agreement contained a provision which required Taco Bell to operate continuously one of its
restaurants on his property throughout the twenty-year lease term. This Court rejected Nalle's argument
and held there was no express or implied covenant of continuous operation contained in the lease. See
Nalle v. Taco Bell Corp., 914 S.W.2d 685 (Tex. App.--Austin 1996, writ denied). In the present suit,
Nalle once again complains about the decision to close the restaurant on his property and to open a new
Taco Bell restaurant at a nearby location. The same lease is at issue, and Nalle is seeking recovery for the
same damages, lost percentage rentals, that he was denied in the first suit. We cannot say that these facts
are not related in time, space, origin or motivation. (6) 

 Nalle next contends that the tort and contract claims would not have made a convenient
trial unit because of the different theories of liability. The transactional approach to res judicata does not
support this position. In Barr, the Texas Supreme Court recognized the possible need for alternative
pleading and encouraged the joining of different theories. See Barr, 837 S.W.2d at 631 (advising that a
party could seek a trial amendment if success on one theory becomes doubtful because of developments
during trial). Furthermore, the Restatement of Judgments is clear: a transaction may be single despite
different harms, substantive theories, measure or kinds of relief. Restatement (Second) of Judgments
§ 24 cmt. c (1982) (emphasis added). Multiple transactions and claims are not created even though "a
number of different legal theories casting liability on an actor may apply to a given episode." Id. The only
difference between the first and second lawsuits is the theory of recovery: contract in the first suit; tort in
the second. Nalle cannot try for a second bite at the apple by splitting his claim between two alternative
theories of recovery. Jeanes, 688 S.W.2d at 103 (Tex. 1985) (explaining that res judicata prevents
prevents a plaintiff from splitting a cause of action).


CONCLUSION

 Having satisfied their burden of introducing summary judgment evidence to establish all
elements of the defense of res judicata, appellees have shown themselves entitled to the judgment. 
Consequently, we need not address the other grounds that might also support granting summary judgment
in favor of appellees. We hold that appellant's tortious interference claim is barred by res judicata and
affirm the judgment of the district court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: October 16, 1997

Do Not Publish
1. In an affidavit, Nalle explains that the Taco Bell restaurant consistently performed at a level far
in excess of the base rent, and he includes the following sample of past and projected rentals:


 11/1/89-10/31/90 $4,795

 11/1/90-10/31/91 $5,008 

 11/1/91-10/31/92 $5,372

 11/1/92-10/31/93 (partially projected) $5,745

 11/1/93-10/31/94 (projected) $6,034

 11/1/94-10/31/95 (projected) $6,355

 11/1/95-10/31/96 (projected) $6,676.
2. When referring to the four parties collectively, we will refer to them as "appellees" for
convenience.
3. This suit is governed by the prior summary judgment rule, Tex. R. Civ. P. 166.
4. The record does not indicate that Nalle moved to amend the severed causes to include the
tortious interference claim. Nalle later moved to consolidate the two suits, but the district court denied the
motion.
5. Appellees note that Austaco II could not have tortiously interfered with the lease since Austaco
II was formed in November 1993 and any alleged tortious interference occurred in 1992. 
6. Even the central facts are the same: 1) the execution of a lease with Taco Bell in 1976; 2) Taco
Bell's subletting to Austaco; 3) Nalle's purchase of the premises in 1989; 4) Austaco's operation of a Taco
Bell restaurant on Nalle's property from the inception of the lease; 5) Austaco's payment of percentage
rentals from 1976 to early 1993; 6) the decision to close the restaurant on Nalle's property and move to
a nearby location; 7) the closing down of the Taco Bell restaurant on Nalle's property; 8) the opening of
a new Taco Bell restaurant at the nearby location; and 9) Nalle's claim that he has been deprived of
percentage rentals.



Times Regular"> 

 Nalle next contends that the tort and contract claims would not have made a convenient
trial unit because of the different theories of liability. The transactional approach to res judicata does not
support this position. In Barr, the Texas Supreme Court recognized the possible need for alternative
pleading and encouraged the joining of different theories. See Barr, 837 S.W.2d at 631 (advising that a
party could seek a trial amendment if success on one theory becomes doubtful because of developments
during trial). Furthermore, the Restatement of Judgments is clear: a transaction may be single despite
different harms, substantive theories, measure or kinds of relief. Restatement (Second) of Judgments
§ 24 cmt. c (1982) (emphasis added). Mu