COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| C.V.P.G. FAMILY TRUST and C.V.P.G. FAMILY, LLC, Trustee, | § | No. 08-23-00320-CV |
| | § | Appeal from the |
| Appellant, | | |
| | § | 229th District Court |
| v. | | |
| | § | of Starr County, Texas |
| PLAINSCAPITAL BANK, Trustee of the Guerra Mineral Trust, | | |
| | § | (TC# DC-23-36) |
| Appellee. | § | |

## MEMORANDUM OPINION[1]

Appellant C.V.P.G. Family Trust and C.V.P.G. Family, LLC, Trustee (C.V.P.G.), appeals the dismissal of its suit for trespass to try title, which it filed against Appellee PlainsCapital Bank, Trustee of the Guerra Mineral Trust (the Bank). C.V.P.G. contends the trial court erred in granting the Bank's motion to dismiss under Texas Rule of Civil Procedure 91a. We reverse and remand for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

This case concerns a title dispute over a 781.11-acre tract of land in Starr County, Texas (the Subject Property), in which the Bank claims a 46.6 percent mineral interest. In January 2023,

---

[1] This case was transferred from our sister court in San Antonio pursuant to the Texas Supreme Court's docket equalization efforts. *See* Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

C.V.P.G. brought a trespass-to-try-title action (the 2023 Action) against the Bank. The petition described the cause of action in two parts.[2]

First, C.V.P.G. claimed title to the Subject Property through a chain of title dating back to approximately 1764, when the King of Spain granted to Joaquin Chapa all of Porción 58, of which the Subject Property is a part. Related to this claim, the heirs of Joaquin Chapa were formally determined, in 2005, through a declaration of heirship adjudicated in the 49th Judicial District Court of Zapata County. Ultimately, certain Chapa heirs conveyed their interest in the Subject Property to C.V.P.G. In an Abstract of Title attached to its petition as Exhibit A, C.V.P.G. identified the Chapa heirs and described how those individuals claimed title to the Subject Property through a common source.

Second, C.V.P.G. alleged the Bank wrongfully ejected it from the Subject Property without authority. C.V.P.G claimed its wrongful ejection was evidenced by the Bank's filing, in January 2016, of a trespass-to-try-title action against unknown heirs of Joaquin Chapa and other parties (the 2016 Action), in which the Bank claimed title through adverse possession. To the 2023 Action, C.V.P.G. attached both a copy of the petition from the Bank's 2016 Action (Exhibit B) and a copy of the Fourth Court of Appeals' opinion dated July 10, 2019, pertaining to an appeal of the case (Exhibit C).[3] C.V.P.G. stated that the appellate court had determined that the Bank had not obtained title to the Subject Property through adverse possession. Ultimately, C.V.P.G. claimed it was the rightful owner of the Subject Property, and despite demand for its return, the Bank had steadfastly refused its request "even in the face of an appellate court opinion."

---

[2] In ruling on a Rule 91a motion to dismiss, a court must take the plaintiff's allegations, together with inferences reasonably drawn from them, as true. *See* Tex. R. Civ. P. 91a. In stating C.V.P.G.'s allegations, we follow the required standard of review.

[3] The appellate court's opinion is *San Miguel v. PlainsCapital Bank*, No. 04-18-00450-CV, 2019 WL 2996975 (Tex. App.—San Antonio July 10, 2019, no pet.) (mem. op.).

In April 2023, the Bank filed its answer. The Bank responded with a "not guilty" plea, pursuant to Texas Rule of Civil Procedure 788, and a general denial. Among other defenses, the Bank pleaded res judicata, collateral estoppel, issue preclusion, and lack of standing to bring suit. Regarding the res judicata defense, the Bank claimed the judgment in the 2016 Action barred C.V.P.G.'s claims. The Bank included information about the 2016 Action in its answer that was not included in C.V.P.G.'s petition, including procedural history both prior to and subsequent to the issuance of the appellate court opinion, recordation information, and a screenshot of a portion of an order from the 2016 Action. The Bank attached as an exhibit to its answer an order from the 2016 Action along with recordation information.

In May 2023, the Bank moved to dismiss C.V.P.G.'s cause of action under Texas Rule of Civil Procedure 91a. The Bank urged C.V.P.G. lacked standing to file suit and, in any event, its claims were barred because the "exact claim" had been adjudicated on the merits in the 2016 Action. In support, the Bank cited the petition brought in the 2016 Action, which C.V.P.G. attached to its 2023 Action, reiterating that the defendants to the 2016 Action consisted of the "unknown heirs of Joaquin Chapa and all persons claiming an interest" in the Subject Property.

The Bank also claimed all the defendants in the 2016 Action were served with citation by publication. Although the Bank again cited to its petition from the 2016 Action for this proposition, the petition itself merely alleged that the defendants "may be served" with citation by publication, rather than establishing that they actually were served in that manner. Thereafter, as support for its argument that the 2016 Action specifically barred C.V.P.G.'s present claim, the Bank cited to a June 4, 2018 judgment from the 2016 Action, which the Bank had attached to its answer to the 2023 Action. The 2018 judgment was not otherwise made a part of C.V.P.G.'s petition.

3

In July 2023, the trial court granted the Bank's Rule 91a motion to dismiss without stating the basis for its ruling. C.V.P.G. moved for new trial and a hearing was held, after which the trial court denied the motion. This appeal followed.

<strong>STANDARD OF REVIEW AND SCOPE OF REVIEW</strong>

"We review the merits of a Rule 91a motion de novo." *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021). "[W]e consider whether the pleadings, liberally construed, allege sufficient facts to affirmatively demonstrate that the pleader is entitled to the relief requested." *Strickland v. iHeartMedia, Inc.*, 665 S.W.3d 739, 741 (Tex. App.—San Antonio 2023, pet. denied). Because of the harsh remedy provided, Rule 91a is strictly construed. *In re Farmers Texas Cnty. Mutual Ins. Co.*, 604 S.W.3d 421, 426 (Tex. App.—San Antonio 2019, orig. proceeding), *mand. granted in part* 621 S.W.3d 261 (Tex. 2021) (orig. proceeding); *Darnell v. Rogers*, 588 S.W.3d 295, 304 (Tex. App.—El Paso 2019, no pet.); *cf. Gaskill v. VHS San Antonio Partners, LLC*, 456 S.W.3d 234, 238 (Tex. App.—San Antonio 2014, pet. denied) (strictly construing Rule 91a's notice provision).

Under Rule 91a, a party may "move to dismiss a cause of action on the grounds that it has no basis in law or fact." Tex. R. Civ. P. 91a.1; *see Strickland*, 665 S.W.3d at 742; *see also* Tex. Gov't Code Ann. § 22.004(g) ("The supreme court shall adopt rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence."). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." Tex. R. Civ. P. 91a.1. In contrast, "[a] cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id*.

In ruling on a Rule 91a motion, a court "may not consider evidence . . . and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits

4

permitted by Rule 59." Tex. R. Civ. P. 91a.6; *Strickland*, 665 S.W.3d at 742. Rule 59 allows that only certain types of documents may be attached to or otherwise made a part of a pleading. Tex. R. Civ. P. 59. Rule 59, then, limits the scope of documents reviewed in ruling on a Rule 91a motion to dismiss, in addition to the pleading of the cause of action, to the following exhibits:

> Notes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on, or the matter set up in defense, may be made a part of the pleadings . . .in aid and explanation of the allegations in the petition or answer made in reference to said instruments and shall be deemed a part thereof for all purposes. . . . No other instrument of writing shall be made an exhibit in the pleading.

*Id.*

The San Antonio Court of Appeals has recognized the Texas Supreme Court's additional guidance about the scope of review in holding that "[a] cause of action may be dismissed if the facts alleged in the plaintiff's petition establish the defendant's affirmative defense." *Strickland*, 665 S.W.3d at 742 (citing *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020)). Looking beyond the allegations of the plaintiff's petition, a court may examine a defendant's answer to determine whether said defense is properly before the court. *Bethel*, 595 S.W.3d at 656. Even so, Rule 91a's limited scope of review still controls on factual inquiries. *Id.* (recognizing that "some affirmative defenses will not be conclusively established by the facts in a plaintiff's petition.").

## ISSUES ON APPEAL

In two issues, C.V.P.G. challenges the trial court's granting of the Bank's Rule 91a motion to dismiss on both grounds raised by the Bank. In the first issue, C.V.P.G. argues the trial court erred in granting dismissal because it does have standing to bring suit. In the second issue, C.V.P.G. claims the trial court erred in granting dismissal because its claim has not been litigated to final judgment on the merits. As the trial court's judgment does not state the ground on which

it granted dismissal, we must determine whether the judgment may be upheld on either ground. *See Reynolds v. Quantlab Trading Partners US, LP*, 608 S.W.3d 549, 556 (Tex. App.—Houston [14th Dist.] 2020, pet. denied).

## STANDING

In its first issue, C.V.P.G. argues the trial court erred in dismissing its suit based on lack of standing.

First, by its Rule 91a motion, the Bank urged that the C.V.P.G. Family Trust, or the trust entity itself, lacked standing to bring suit. Responding, C.V.P.G. contends the Bank misconstrued the actual party bringing the suit. C.V.P.G. urges that only the trustee had brought an action for trespass to try title, and it did so on behalf of the trust. C.V.P.G. contends the trustee, as a party, has standing to bring a claim on behalf of the trust. To the extent the parties agree that a trustee has standing to act on behalf of a trust, we agree.

"A challenge to a party's standing is an attack on the party's ability under the United States and Texas Constitutions to assert a claim." *Texas Medicine Res., LLP v. Molina Healthcare of Texas, Inc.*, 659 S.W.3d 424, 440 (Tex. 2023) (quoting *Data Foundry, Inc. v. City of Austin*, 620 S.W.3d 692, 700 (Tex. 2021)). As explained in *Huie v. DeShazo*, 922 S.W.2d 920, 926 (Tex. 1996), a trust is not a separate legal entity. Rather, the term "trust," refers to the fiduciary relationship governing the trustee with respect to the trust property. *Id.*; *see also* Tex. Prop. Code Ann. § 111.004. Legal title to property is vested in the trustee; therefore, the trustee is the proper party to bring an action on behalf of a trust. *Interfirst Bank-Houston, N.A. v. Quintana Petroleum Corp.*, 699 S.W.2d 864, 874 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (citing *Collins v. McCarty*, 3 S.W. 730, 731 (Tex. 1887)). Because no question is raised here about C.V.P.G. Family, LLC's status as trustee of C.V.P.G. Family Trust, it has standing to bring suit. And, to the

6

extent the Bank questioned the standing of the trustee itself to bring suit, the trial court erred in dismissing the action where no such claim was asserted.

Second, the Bank challenged the trustee's standing to claim an interest in the property based on a bar imposed by the 2016 Action. Essentially, the Bank argued that the order rendered in the 2016 Action bars C.V.P.G's claim here because it explicitly ordered the named parties of the suit and "any and all other unknown heirs of Joaquin Chapa and any and all other Persons Claiming an Interest in the real property at issue in this matter take nothing and they have no ownership in the mineral interest in the 781.11 acres." The Bank contended the Fourth Court of Appeals' reversal of that holding applied only as to two parties, Velma San Miguel and Alexis Rendon. As a result, the Bank urged, following the remand of the 2016 Action to the trial court, only Velma San Miguel and Alexis Rendon had standing to assert any claim to the Subject Property as "heirs of Joaquin Chapa."[4] Because the Bank's second argument for defeating standing directly relies on the res judicata effect of the 2016 Action, this portion of the argument overlaps with the second issue of the appeal.

At this point of our analysis, we sustain C.V.P.G.'s first issue only to the extent we have determined the trustee had standing to bring suit on behalf of the trust. As to the remaining portion, because it overlaps with the second issue, we address that portion within our res judicata analysis that follows.

---

[4] We question whether the Bank's argument on this point properly implicates standing. As the Supreme Court of Texas has repeatedly recognized, "a plaintiff does not lack standing simply because some other legal principle may prevent it from prevailing on the merits." *Texas Medicine Res., LLP v. Molina Healthcare of Texas, Inc.*, 659 S.W.3d 424, 440 (Tex. 2023) (quoting *Data Foundry, Inc. v. City of Austin*, 620 S.W.3d 692, 696 (Tex. 2021)). This is so because the "question whether a plaintiff has established his right to go forward with his suit or satisfied the requisites of a particular statute pertains in reality to the right of the plaintiff to relief rather than to the subject-matter jurisdiction of the court to afford it." *Id.* (quoting *Pike v. Texas EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020)). "As the U.S. Supreme Court has put it, 'the failure of a cause of action does not automatically produce a failure of jurisdiction,' which is why a party loses *on the merits* when an arguable cause of action ultimately turns out not to exist." *Id.* (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998)). Nonetheless, as the outcome is the same whether this is properly an issue of jurisdiction or the merits, we address the argument in the Bank's chosen terms.

# RES JUDICATA

In its second issue, C.V.P.G. contends the trial court erred in granting the Bank's Rule 91a motion because its trespass-to-try-title claim had not been previously litigated to final judgment on the merits. Specifically, C.V.P.G. claims it was neither a party to the 2016 Action nor in privity with any parties to that suit. Having determined that the Bank's res judicata defense was properly before the trial court, and following Rule 91a's restrictions, we are limited to C.V.P.G's petition in determining whether the elements of the res judicata defense were established against it. *See Reynolds*, 608 S.W.3d at 559; *see also Strickland*, 665 S.W.3d at 742; *Bethel*, 595 S.W.3d at 656.

The doctrine of res judicata, also known as claim preclusion, "bars causes of action that have already been fully adjudicated or that, with the use of diligence, could have been brought in the prior suit." *Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 225 (Tex. 2022); *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992). As described by the Supreme Court:

> The doctrine of res judicata in Texas holds that a final judgment in an action bars the parties and their privies from bringing a second suit "not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit."

*Compania Financiara Libano, S.A. v. Simmons*, 53 S.W.3d 365, 367 (Tex. 2001) (quoting *Barr*, 837 S.W.2d at 630).

"Res judicata requires proof of three elements: '(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action.'" *Martin*, 645 S.W.3d at 225 (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)). For a defendant to be entitled under Rule 91a to dismissal of a plaintiff's action on the ground that the action lacked a basis in law because of res judicata, the plaintiff's petition had

8

to have alleged facts supporting the three elements of res judicata. *See Reynolds*, 608 S.W.3d at 558–60).

As to the first element of res judicata, we consider whether C.V.P.G.'s petition and attached exhibits establish that there was a prior final judgment on the merits by a court of competent jurisdiction.[5] *See Martin*, 645 S.W.3d at 225; *Reynolds*, 608 S.W.3d at 559. On its face, C.V.P.G.'s petition does not contain an allegation that there was a prior final determination on the merits before a court of competent jurisdiction. To be sure, however, the pleading refers to the 2016 Action; and, as exhibits, C.V.P.G. attached the 2016 Action and the appellate court opinion issued in the matter.

An examination of the face of the petition from the 2016 Action establishes it is a trespass-to-try-title action in which the Bank claimed a portion of the mineral interest in the same 781.11-acre tract at issue here. The appellate opinion attached to C.V.P.G.'s petition establishes that the trial court in the 2016 Action granted summary judgment in the Bank's favor, which was challenged on appeal. *See San Miguel v. PlainsCapital Bank*, No. 04-18-00450-CV, 2019 WL 2996975, at *1 (Tex. App.—San Antonio July 10, 2019, no pet.) (mem. op.). The Fourth Court of Appeals reversed the trial court's summary judgment with respect to two claimants, neither of whom is a plaintiff here, and remanded the case to the trial court for further proceedings consistent

---

[5] The parties do not dispute that consideration of the exhibits attached to C.V.P.G.'s petition in determining whether dismissal on res judicata grounds was proper, and we agree. *See* Tex. R. Civ. P. 91a, 59. "Special pleading requirements govern trespass-to-try-title actions." *Brumley v. McDuff*, 616 S.W.3d 826, 832 (Tex. 2021) (citing Tex. R. Civ. P. 783). Included in the elements that must be stated in the petition are (1) the plaintiff's claimed interest in the premises; (2) that the plaintiff possesses the premises or is entitled to possession; and (3) that the defendant unlawfully entered and dispossessed the plaintiff of the premises and withholds possession. And "[a] headright certificate, land scrip, bounty warrant, or other evidence of legal right to located and surveyed land is sufficient title to maintain a trespass to try title action." Tex. Prop. Code Ann. § 22.002. In its petition, C.V.P.G. claims right to title to the Subject Property through the 2005 heirship proceeding and the abstract of title attached. C.V.P.G. further alleges it was wrongfully ejected from the premises, and as support offers the petition and appellate opinion from the 2016 Action. As C.V.P.G. relied on these exhibits to establish its claim to title, we conclude they are exhibits constituting, in whole or in part, the claim sued upon, thus we consider them within the scope of our review of C.V.P.G.'s allegations for the basis of determining whether a Rule 91a dismissal was proper here. *See* Tex. R. Civ. P. 91a.6, 59.

with the opinion. *Id.* at \*6. The appellate court's opinion, then, confirms a lack of finality of any judgment entered in the 2016 Action prior to issuance of its opinion. Notably missing from C.V.P.G.'s petition and attachment is any judgment made final after remand of the appeal. We determine, then, that the references to the 2016 Action found within C.V.P.G.'s petition and attached exhibits do not establish the existence of a prior final judgment on the merits by a court of competent jurisdiction.

The Bank urges us to consider its evidence in support of the res judicata defense, particularly, evidence within the body of its answer and attached exhibits, including orders from the 2016 Action. We will not do so. A summary judgment movant seeking to establish a res judicata defense must prove the existence of a prior final judgment on the merits, often through producing verified or certified copies of the judgment and pleadings from a prior suit. *See, e.g.*, *Basquez v. Unknown Heirs of Longoria*, No. 04-09-00196-CV, 2010 WL 724682, at \*1 (Tex. App.—San Antonio Mar. 3, 2010, no pet.) (mem. op.) (pre-Rule 91a opinion reversing motion to dismiss on res judicata grounds for failure to attach verified or certified copy of prior judgment to motion); *Jones v. Nightingale*, 900 S.W.2d 87, 88–89 (Tex. App.—San Antonio 1995, writ ref'd n.r.e.) (affirming summary judgment in which movant conclusively proved defense of res judicata through production of certified copy of prior judgment). Conversely, in reviewing a Rule 91a motion to dismiss, a court may not consider evidence attached to a defendant's pleading:

> The exhibits attached to another party's pleading may tend to show the plaintiff's pleading is baseless, but Rule 91a does not permit their consideration. The rule requires the determination of baselessness be made from the allegations in the cause of action and the facts pleaded in the cause of action, not from documents extraneous to the petition and presented by other parties.

*Sw. Airlines Pilots Ass'n v. Boeing Co.*, No. 05-21-00598-CV, 2022 WL 16735379, at \*5, \*7–8 (Tex. App.—Dallas Nov. 7, 2022, pet. filed) (mem. op.); *cf. Reynolds*, 608 S.W.3d at 557–58. This

prohibition applies to pleadings from a related proceeding. *See Sw. Airlines Pilots Ass'n*, 2022 WL 16735379, at \*2, \*7–8; *Reynolds*, 608 S.W.3d at 557–58.

We reject the Bank's claim that C.V.P.G. waived any complaint about consideration of the evidence included in and attached to its answer in determining the motion to dismiss. C.V.P.G.'s statement of the standard of review in its motion for new trial ("[w]e look solely to the pleading and any attachments to determine whether the dismissal standard is satisfied") and assertion that the trial court ought to have referred to only Plaintiff's pleadings notified the trial court that the Bank's motion was not based on the allegations in C.V.P.G.'s petition. *See Sw. Airlines Pilots Ass'n*, 2022 WL 16735379, at \*7. Further, on appeal, C.V.P.G. stated multiple times that the Bank bore the burden of proving that the allegations *in the petition* did not entitle C.V.P.G. to relief.[6]

Here, because C.V.P.G.'s petition does not establish the existence of a prior final judgment, we conclude the trial court could not have properly determined that there was a prior final judgment on the merits by a court of competent jurisdiction. *See Martin*, 645 S.W.3d at 225; *Reynolds*, 608 S.W.3d at 559.

As to the second element of a res judicata defense, the element upon which the parties focused the majority of their arguments, C.V.P.G.'s petition likewise does not establish an "identity of parties or those in privity with them" between the two suits. *See Martin*, 645 S.W.3d at 225; *Reynolds*, 608 S.W.3d at 559–60. Although the petition from the 2016 Action identifies the Bank as a common party to both suits, C.V.P.G. was not a named party to the 2016 Action.

The Bank argues that the allegations in C.V.P.G.'s petition demonstrate that it derives its claim to the Subject Property "through and under parties subject to the" final order in the 2016

---

[6] We have likewise previously disapproved an argument that documents attached to a defendant's pleadings should be considered with a Rule 91a motion to dismiss because "they were referred to in [the plaintiff's] pleadings or were the subject of or central to [the plaintiff's] claims." *Flores v. Bank of Am., N.A.*, No. 08-20-00184-CV, 2023 WL 7027544, at \*4 (Tex. App.—El Paso Oct. 25, 2023, no pet.).

11

Action. Here, though, the analysis must end, for the same reason stated above. Without reviewing the final order from the 2016 Action or considering other evidence not present in C.V.P.G.'s petition, the trial court could not have properly determined there was identity or privity of parties between the two actions.[7] For the second reason that C.V.P.G.'s petition and the attached exhibits do not establish identity or privity of parties between the two actions, the trial court erred in dismissing C.V.P.G.'s suit on res judicata grounds. *See Martin*, 645 S.W.3d at 225.

We sustain C.V.P.G.'s second issue; and, for the same reasons, we sustain the second part of the first issue.

## CONCLUSION

Because the allegations in the petition do not establish that the claims of C.V.P.G. Family Trust and C.V.P.G. Family, LLC, Trustee are barred by res judicata or a lack of standing, we reverse the trial court's order of dismissal pursuant to Texas Rule of Civil Procedure 91a. We remand the case for further proceedings consistent with this opinion.

GINA M. PALAFOX, Justice

May 23, 2024

Before Alley, C.J., Palafox and Soto, JJ.

---

[7] The Bank's arguments on both of these res judicata elements illustrate how matters of this nature, largely fact-based, are poorly suited for resolution on Rule 91a proceedings, which may look to only the plaintiff's pleadings. *See Davis v. Homeowners of Am. Ins. Co.*, No. 05-21-00092-CV, 2023 WL 3735115, at *7 (Tex. App.—Dallas May 31, 2023, no pet.); *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 629 (Tex. 1992) ("A determination of what constitutes the subject matter of a suit necessarily requires an examination of the factual basis of the claim or claims in the prior litigation. It requires an analysis of the factual matters that make up the gist of the complaint, without regard to the form of action."). Res judicata is an affirmative defense best left for determination at the summary judgment stage because it requires proof of facts rarely alleged in a plaintiff's pleading. *See Davis*, 2023 WL 3735115, at *7; *Sw. Airlines Pilots Ass'n*, 2022 WL 16735379, at *6 (collecting cases). Our sister court stated it well: "[Rule 91a] is not a substitute for . . . summary judgment practice under rule 166a . . . which come[s] with protective features against precipitate summary dispositions on the merits." *Davis*, 2023 WL 3735115, at *2.