

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-14-00153-CV

Harold **GASKILL** III, M.D. and Harold Gaskill, M.D. PA,
Appellants

v.

**VHS SAN ANTONIO PARTNERS, LLC** d/b/a Baptist Health System and d/b/a North Central
Baptist Hospital, Baptist Heath System, North Central Baptist Hospital, Graham Reeve,
David Siegel, William Waechter, and Jaydeep Shah,
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-14959
Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  December 17, 2014

REVERSED AND REMANDED

The trial court dismissed appellants' lawsuit pursuant to Rule 91a of the Texas Rules of

Civil Procedure as presenting baseless causes of action.  On appeal, appellants complain that the

trial court erred in holding a hearing on the Rule 91a motion without giving prior notice of the

hearing to appellants, in concluding the causes of action alleged are baseless, and in dismissing

the suit.  We hold the judgment must be reversed because appellants did not receive notice of the

hearing on the Rule 91a motion and did not have a meaningful opportunity to file a response.

## BACKGROUND

Dr. Harold V. Gaskill III was a member of the medical staff with surgical privileges at North Central Baptist Hospital. In July 2010, the hospital's Staff Quality/Peer Review Committee reviewed one of Dr. Gaskill's cases and recommended a focused review of his next fifty cases. Dr. Gaskill's privileges were informally and temporarily suspended from December 7, 2011, through May 2012. The hospital contends this suspension was "agreed"; Dr. Gaskill contends he was given no choice and it was "coerced." On June 1, 2012, the hospital issued a formal "Notice of Involuntary Reduction of Medical Staff Privileges," which resulted in Dr. Gaskill being unable to work at any hospital. After Dr. Gaskill requested a formal hearing, the parties agreed to mediate the dispute by submitting five of his surgical cases to an outside reviewer in his field. According to Dr. Gaskill, the review resulted in findings that there had been no deviation from the standard of care in any of the cases. In a letter dated June 1, 2013, the Medical Executive Board notified Dr. Gaskill that his "full privileges are restored," and his "record will reflect such status for all inquiries."

In September 2013, Dr. Gaskill and his professional association (jointly referred to as "Gaskill") sued VHS Partners, LLC, the owner and operator of North Central Baptist Hospital, Baptist Health System, North Central Baptist Hospital, the Chair of the Medical Staff Quality/Peer Review Committee at North Central Baptist Hospital, and several individual officers of VHS, the Hospital System, and the Hospital (jointly referred to as "VHS").[1] Gaskill alleged that plaintiffs' business and reputation were damaged because of the defendants' actions and he asserted causes of action for breach of contract, defamation, business disparagement, and intentional infliction of emotional distress. He contended that the defendants acted with malice and did not comply with

---

[1] Gaskill originally filed suit in federal court. The federal district court determined the suit did not raise a significant federal question and dismissed the case without prejudice on September 9, 2013. He then refiled in state court.

the requirements of the Health Care Quality Improvement Act, and therefore they are not immune from an action for damages. *See* 42 U.S.C. §§ 11111(a), 11112(a) (providing immunity from liability for civil damages for participation in a professional review action unless plaintiff rebuts presumption that review action met standards in 42 U.S.C. § 11112(a)); TEX. OCC. CODE ANN. § 1 60.010 (West 2012) (providing immunity from civil liability for actions of medical peer review committee done without malice).

VHS filed a motion to dismiss pursuant to Rule 91a, alleging Gaskill's causes of action had no basis in law. The trial court granted the motion, awarded VHS $8,320.50 in attorney's fees, and dismissed Gaskill's suit with prejudice. The trial court later denied Gaskill's motion for new trial and this appeal followed.

### TEXAS RULE OF CIVIL PROCEDURE 91A

Rule 91a of the Texas Rules of Civil Procedure provides that a party may file a motion to dismiss a cause of action on the grounds that the cause of action has no basis in law or in fact. TEX. R. CIV. P. 91a.1. The motion must be filed no later than the sixtieth day after the first pleading containing the cause of action is served on the movant. *Id.* R. 91a.3(a). The motion to dismiss may not be heard earlier than twenty-one days after the motion is filed and must be ruled on within forty-five days after the motion is filed. *Id.* R. 91a.3(b), (c). The parties are entitled to at least fourteen days' notice of the hearing the motion to dismiss; however, the trial court is not required to conduct an oral hearing. *Id.* R. 91a.6.

Rule 91a authorizes the respondent to file a response, a nonsuit, or a pleading amending the cause of action. *Id.* R. 91a.4, 91a.5. A response must be filed no later than seven days before the date of the hearing. *Id.* R. 91a.4. If the respondent files a nonsuit of the challenged cause of action at least three days before the hearing, the trial court may not rule on the motion to dismiss. *Id.* R. 91a.5(a). If the respondent amends the challenged cause of action at least three days before

the hearing, the movant may, before the date of the hearing, withdraw the motion or file an amended motion to dismiss. *Id.* R. 91a.5(b). An amended motion to dismiss restarts the time periods in the rule. *Id.* 91a.5(d). In ruling on the motion to dismiss, the trial court may not consider a nonsuit or amended pleading that is not timely filed. *Id.* R. 91a.5(c). In most cases, the trial court must award the prevailing party on the motion all costs and reasonable and necessary attorney's fees incurred with respect to the challenged cause of action in the trial court. *Id.* R. 91a.7.

### PROCEEDINGS ON THE MOTION

VHS timely filed its Rule 91a motion on November 19, 2013. However, VHS did not request a setting on the motion to dismiss, and neither VHS nor the trial court set the motion for a hearing or for submission without a hearing. Gaskill did not amend his pleading, file a nonsuit, or file a response to the motion. On December 31, 2013, the forty-second day after the Rule 91a motion was filed, VHS filed a "Motion for Expedited Hearing, Defendants' Rule 91a Notice of Deadline to Rule on Motion to Dismiss, or in the Alternative, Motion to Enlarge Time" ("the motion to expedite/enlarge time"). The motion explained that under Rule 91a.3(c), the deadline for the court to rule on the Rule 91a motion was forty-five days after the motion was filed—Friday, January 3, 2014. The motion requested three alternative remedies from the trial court: (1) decide the Rule 91a motion without an oral hearing and without any notice, arguing that the rule does not require notice of submission without an oral hearing; (2) shorten the notice period and hold an expedited hearing on the Rule 91a motion, citing Texas Rules of Civil Procedure 1, 5, and 21; or (3) enlarge the period of time for ruling on the Rule 91a motion beyond forty-five days in order to provide Gaskill at least seven days to file a response and fourteen days' notice of the hearing, citing Texas Rule of Civil Procedure 5.

On the afternoon of Tuesday, December 31, 2013, VHS served on Gaskill the motion to expedite/enlarge time and a fiat signed by Judge Sol Casseb III, setting the motion to expedite/enlarge time for hearing at 8:30 a.m. on Friday, January 3, 2014. Gaskill filed an objection to the motion to expedite/enlarge time on January 2, 2014, but he did not appear at the scheduled January 3 hearing on that motion. According to VHS, at 8:30 a.m. on January 3, 2013, Judge Janet Littlejohn heard the motion to expedite/enlarge time, granted the motion to expedite, and immediately thereafter granted the Rule 91a motion and dismissed the suit. At 4:50 p.m. on January 3, 2014, after the suit had been dismissed, VHS's counsel faxed copies of both Judge Littlejohn's orders to Gaskill.[2]

Gaskill filed a motion for new trial, raising numerous issues, including a complaint that the Rule 91a motion had been heard and decided without any notice to Gaskill and thus without providing him a meaningful opportunity to file a response. The trial court denied the motion and Gaskill timely filed this appeal.

## DISCUSSION

Gaskill contends the trial court abused its discretion by granting the motion to expedite and holding the hearing on the Rule 91a motion on January 3 because doing so denied him any notice of the hearing and denied him a meaningful opportunity to file a response.

Rule 91a.6 states that "[e]ach party is entitled to at least 14 days' notice of the hearing on the motion to dismiss." TEX. R. CIV. P. 91a.6. It then states that "the hearing" is not required to be "an oral hearing." *Id.* The rule itself thus requires notice be given at least fourteen days in

---

[2] Judge Littlejohn's order granting the motion to expedite and setting the Rule 91a motion for hearing at 8:30 a.m., January 3, 2014, recites that it was signed on December 31, 2013. It thus appears from the record that the hearing on the Rule 91a motion was set two and one-half days in advance. However, VHS asserts that this order was neither presented to nor signed by Judge Littlejohn on December 31, and that the date on the order is a mistake. According to VHS, Judge Littlejohn heard the motion to expedite/enlarge time at 8:30 a.m. on January 3, and signed the order at the same time she signed the order granting the Rule 91a motion to dismiss. The parties agree that notice of the order granting the motion to expedite was not provided to Gaskill until after the Rule 91a motion had been heard and decided.

advance of "the hearing"—regardless of whether the motion is orally argued or submitted without an oral hearing. *Cf. Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (holding that Rule 166a does not require oral hearing on motion for summary judgment, but does require notice of date motion will be heard orally or submitted without oral hearing); *In re Estate of Valdez*, 406 S.W.3d 228, 232 (Tex. App.—San Antonio 2013, pet. denied). ("Although an oral hearing on a motion for summary judgment is not required, notice of the submission date is."). In the summary judgment context, notice of the hearing date is required because "[t]he hearing date determines the time for response to the motion; without notice of hearing, the respondent cannot know when the response is due." *Martin*, 989 S.W.2d at 359. A trial court errs if it grants a motion for summary judgment without giving prior notice of the hearing date to the non-movant. *Id.*; *see Valdez*, 406 S.W.3d at 232 (stating that "[g]enerally, a trial court errs when it fails to give notice of the submission date for a motion for summary judgment" because without notice the non-movant cannot know when his response is due).

As with motions for summary judgment, the date of "the hearing" of a Rule 91a motion determines the deadline for filing a response to the motion. TEX. R. CIV. P. 91a.4. The hearing date also triggers the respondent's deadlines to file a nonsuit or amended pleading. *Id.* R. 91a.5; *see* Timothy Patton, *Motions to Dismiss Under Texas Rule 91a: Practice, Procedure and Review*, 33 REV. LITIG. 469, 544 (2014) ("Unless the parties receive notice of the hearing date, they will be unaware that they have an approaching filing deadline under Rule 91a, and they will not be able to determine the actual deadlines.").

VHS argues that Rule 91a is different from Rule 166a because Rule 91a imposes a specific deadline for the trial court to decide the motion. VHS contends that in the absence of any formal notice of hearing, the rule effectively provides notice that the motion to dismiss will be decided without an oral hearing on the forty-fifth day after the motion was filed. Under this construction,

a response would be deemed due on the thirty-eighth day after the motion to dismiss was filed. Because dismissal on the pleadings is a harsh remedy, we will strictly construe Rule 91a's notice provision. *See Etheredge v. Hidden Valley Airpark Ass'n, Inc.*, 169 S.W.3d 378, 383 (Tex. App.—Fort Worth 2005, pet. denied) (strictly construing notice requirements of Rule 166a and reversing summary judgment because of failure to provide notice of summary judgment hearing); *Luna v. Estate of Rodriguez*, 906 S.W.2d 576, 582 (Tex. App.—Austin 1995, no pet.) (holding that "[b]ecause summary judgment is a harsh remedy, we strictly construe the twenty-one day time limit"); *Wavell v. Caller-Times Pub. Co.*, 809 S.W.2d 633, 637 (Tex. App.—Corpus Christi 1991, writ denied) (strictly construing Rule 166a's notice provision because "[w]ithout proper notice the need and time for a non-movant's response is uncertain"), *abrogated in part on other grounds by Cain v. Hearst Corp.*, 878 S.W.2d 577, 578 (Tex. 1994). Rule 91a expressly requires that notice of the date of the hearing, whether oral or by submission, be given to the parties. TEX. R. CIV. P. 91a.6. We decline to hold that notice of the hearing and thus notice of the deadlines to respond, amend, or file a nonsuit may be implied from the movant's *failure* to give notice of a hearing.

VHS also argues that Gaskill had notice that the Rule 91a motion *could* be heard on January 3, because that is one of the remedies requested in VHS's December 31 motion to expedite/enlarge time. However, VHS also asked the trial court to enlarge the time to rule on the Rule 91a motion and set the hearing for a later date so that Gaskill would receive the full fourteen days' notice required by the rule. Moreover, Gaskill's deadline to file a response to the Rule 91a motion was not triggered until the Rule 91a motion was actually set for a hearing. Under these circumstances, we decline to hold that the motion to expedite/enlarge time provided notice that the Rule 91a motion would be heard on January 3. The trial court simultaneously set the Rule 91a motion for a hearing and conducted the Rule 91a hearing. Gaskill was not given notice of the setting until the setting had passed and the trial court had dismissed his suit.

The parties disagree about what discretion the trial court has under the rules of civil procedure to reduce the notice and response periods or to enlarge the forty-five day period for ruling on a Rule 91a motion. *See* TEX. R. CIV. P. 1, 5, 21. We need not decide those issues in this case because we hold that the trial court has no discretion to hold a Rule 91a hearing without giving any prior notice of the date and time of the hearing to the respondent, as occurred here. *See* Patton, *Motions to Dismiss*, *supra*, at 545 ("A complete lack of notice to the non-movant of the Rule 91a hearing would almost certainly be viewed as a violation of the non-movant's due process rights to notice and an opportunity to be heard in a meaningful time and in a meaningful manner."). Gaskill preserved this complaint by raising it in his motion for new trial.

In conclusion, we hold that formal notice of a Rule 91a hearing must be provided to the parties, regardless of whether the trial court will hold an oral hearing. We further hold that Rule 91a does not contain implied notice of a hearing on the forty-fifth day after the motion is filed that triggers the other deadlines in the rule. Here, the trial court erred by conducting a hearing on the Rule 91a motion without giving any prior notice of the hearing.

Because the trial court ruled on the motion and dismissed Gaskill's causes of action without providing notice of the hearing and thus without providing Gaskill a meaningful opportunity to respond to the motion on the merits, we reverse and remand without deciding whether the ruling was correct on the merits.

Luz Elena D. Chapa, Justice