**Affirmed and Majority and Dissenting Opinions filed September 29, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00515-CV

---

## IN THE ESTATE OF ADEL SHESHTAWY, DECEASED

---

**On Appeal from the Probate Court No. 1**
**Harris County, Texas**
**Trial Court Cause No. 407,499-406**

---

## D I S S E N T I N G   O P I N I O N

I disagree with the majority's conclusion that because Valentina signed a settlement agreement waiving her homestead rights, she is unable to contest the validity of that very agreement. I therefore respectfully dissent.

Rule 91a provides a mechanism for the quick dismissal of causes of action with no basis in law or fact, as judged solely by the sufficiency of the pleadings raising the cause of action and any properly attached pleading exhibits. Tex. R. Civ. P. 91a.1, 91a.6. It is a harsh remedy that should be strictly construed. *See Gaskill v. VHS San Antonio Partners, LLC*, 456 S.W.3d 234, 238 (Tex. App.—San

Antonio 2014, pet. filed). A cause of action has no basis in law—the part of the rule on which the majority appears to rely—if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *See* Tex. R. Civ. P. 91a.

The majority essentially holds that because Valentina admitted in her petition that she signed a settlement agreement that included an apparent waiver of her homestead rights, she has no possible avenue for asserting those homestead rights to prevent the sale of her home. While acknowledging that in her petition Valentina asserts the settlement agreement at issue was "grossly unfair," the majority emphasizes that she does not explicitly seek revocation of the agreement on that basis. Valentina, however, does seek to enjoin performance under the terms of the agreement. The clear implication of this request is that the waiver of homestead rights contained in the settlement agreement should not be enforced because it would be unconscionable to do so. Indeed, the Texas Supreme Court has held that "grossly unfair bargains should not be enforced." *Venture Cotton Co-op. v. Freeman*, 435 S.W.3d 222, 228 (Tex. 2014) (citing 49 David R. Dow & Craig Smyser, Texas Practice Series: Contract Law § 3.9 (2005)); *see also Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 565 (Tex. 2006) ("If a contract or term thereof is unconscionable at the time the contract is made a court may refuse to enforce the contract, or may enforce the remainder of the contract without the unconscionable term, or may so limit the application of any unconscionable term as to avoid any unconscionable result.") (quoting Restatement (Second) of Contracts § 208 (1981)). Although Texas courts generally do not inquire into the relative fairness of the terms of a contract, allegations of unconscionability are an exception to this general principle based on the freedom to contract. *See Venture Cotton*, 435 S.W.3d at 228.

Valentina's petition does not contain enough information regarding the settlement agreement or the circumstances under which it was executed to make a determination regarding the fairness of its terms possible at this stage of the litigation. More importantly for purposes of this appeal, the quick and harsh Rule 91a procedures are ill-suited for and not intended to encompass such an examination. This is not a simple case of a pleading that fails to state a cause of action with a basis in law and fact, as the majority maintains.

Accordingly, Valentina's sixth and seventh issues, assailing the trial court's dismissal of her petition, should be sustained, and the trial court's order dismissing her causes of action and awarding attorney's fees to the temporary administrator should be reversed and remanded. The remainder of Valentina's issues would thereby be rendered moot.

For the foregoing reasons, I respectfully dissent.


/s/        Martha Hill Jamison
           Justice


Panel consists of Justices Jamison, Busby, and Brown (Busby, J., majority).