

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00086-CV
_____

CODY WOMMACK, Appellant

V.

CITY OF LONE STAR, TEXAS, BRIANNA MCCLAIN,
JERRI CHISM, KEITH REITER, TONY JOHNSON,
CODY WOMMACK, AND CYNDI ANDREWS, Appellees

On Appeal from the 76th District Court
Morris County, Texas
Trial Court No. 27,646

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Cody Wommack appeals the dismissal of his petition against the City of Lone Star, Texas, and its officials, Brianna McClain, Jerri Chism, Keith Reiter, Tony Johnson, Cody Wommack,[1] and Cyndi Andrews. Because we agree with Wommack's argument that the trial court erred by failing to afford him notice and a hearing before dismissing his petition, we reverse the trial court's judgment and remand the matter to the trial court for further proceedings.

## I. Factual Background

In his petition, Wommack stated, "On August 17, 2023, the Lone Star, Texas[,] City Council voted to approve a proposed property tax rate of 0.4730 per $100." Wommack alleged that Appellees violated Chapter 102 of the Texas Local Government Code[2] and Chapter 26 of the Texas Tax Code by adopting the 2023 budget and tax rate because it was allegedly accomplished without following proper notice procedures. As a result, Wommack sought a declaratory judgment that Appellees (1) "acted without legal authority in adopting and approving a tax rate for the 2023 tax year" and (2) "would be committing Article I, Section 19[,] constitutional violations against the plaintiff and all Lone Star property owners if property owners were deprived of their property without due course of law by an ultra vires property tax." Wommack also sought a temporary injunction prohibiting Appellees from enforcing or taking any steps to

---

[1]Wommack is also an "alderman of the City of Lone Star" and appears to have attempted to sue himself in his official capacity.

[2]Chapter 102 of the Texas Local Government Code relates to the adoption of a municipal budget. *See* TEX. LOC. GOV'T CODE ANN. §§ 102.001–.011.

enforce the property tax. Wommack also asked for a permanent injunction prohibiting the enforcement or collection of a property tax for the 2023 tax year.

Wommack's petition acknowledged that the tax rate at issue was a simplified tax rate and that Section 26.052 of the Texas Tax Code, which exempted Appellees from the regular tax notice and publication requirements, applied. *See* TEX. TAX CODE ANN. § 26.052 (Supp.) (containing special notice provisions for simplified tax rates). In its answer, Appellees included a "**Specific Denial**" that Wommack was legally barred from obtaining the injunctive relief sought. On the same day that the answer was filed, without any hearing, the trial court entered an order, stating, "Plaintiff's Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunction is hereby **DENIED**."

## II.     Wommack Was Entitled to Notice and a Hearing

Wommack correctly argues that he was entitled to notice and a hearing before the trial court's summary dismissal of his petition. First, it appears that the trial court interpreted Appellees' specific denial as a motion for a Rule 91a dismissal because it came close to arguing that Wommack's causes of action had no basis in law. *See* TEX. R. CIV. P. 91a.1. Even so, "[a] motion to dismiss must state that it is made pursuant to" Rule 91a, and Appellees' answer made no mention of Rule 91a. TEX. R. CIV. P. 91a.2. Further, "[e]ach party is entitled to at least 14 days' notice of the hearing on the motion to dismiss." TEX. R. CIV. P. 91a.6.

Wommack's petition was filed on October 4, 2023. Appellees filed their answer on October 5, and the trial court dismissed Wommack's petition on the same day. Because the trial court dismissed Wommack's petition without notice and a hearing, we sustain Wommack's point

3

of error on appeal.[3]  *See Gaskill v. VHS San Antonio Partners, LLC*, 456 S.W.3d 234, 238 (Tex. App.—San Antonio 2014, pet. denied).

## III.     Conclusion

We reverse the trial court's judgment and remand the matter for further proceedings.


Scott E. Stevens
Chief Justice


Date Submitted:        January 31, 2024
Date Decided:         February 1, 2024

---

[3]Wommack also argues that the trial court's dismissal was not supported by factually sufficient evidence.  In light of our disposition remanding the case to the trial court, we refrain from discussing the merits.