

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00599-CV

Jorge L. **QUINTANA**, Sr.,
Appellant

v.

Tanya **HOLZHAUS**, in her Individual and Official Capacities, and Stewart Title Company,
Appellees

From the 454th Judicial District Court, Medina County, Texas
Trial Court No. 23-05-28425-CV
Honorable Daniel J. Kindred, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Irene Rios, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: March 13, 2024

AFFIRMED

Appellant Jorge L. Quintana, Sr., proceeding *pro se*, appeals from a trial court order granting a Rule 91a motion to dismiss filed by appellees, Stewart Title Company ("STC") and Tanya Holzhaus. We affirm.

## I. BACKGROUND

In 2019, Quintana filed a bankruptcy proceeding in the United States Bankruptcy Court for the Western District of Texas. Sometime thereafter, the bankruptcy trustee sold a piece of real property to Raymond Ramos and Maria C. Ramos. On May 15, 2023, Quintana filed his original

petition in the instant action. In it, Quintana contends that the real property sold by the bankruptcy trustee was his homestead, and the sale was in denigration of his homestead rights under Texas law. Quintana sued STC, the title company, and Holzhaus, the escrow agent, for their part in the real estate transaction between the bankruptcy trustee and Raymond and Maria. Quintana's petition lists three "causes of action": (1) "All Defendants are Accounting for Losses in the Operation of the Quintanas Business and for Losses of Inventory and Future Business Loss for $500.00 US Dollars per day since August 27, 2020 until the Future" (hereinafter the "accounting claim"); (2) "[STC] and [Holzhaus] do not have legal authority to pay Medina River West Homeowners Association and to Collect any title money for creating a fraudulent deed on the Quintanas Homestead" (hereinafter the "payment claim"); and (3) "[STC] is fully responsible and liable for all losses of the Quintanas family" (hereinafter the "losses claim"). Quintana prayed for the trial court to "void and vacate" the deed, the "revocation of the attorney license" of the bankruptcy trustee, "full reimbursement with interest at the current present value or replacement of each [item] illegally stole[n]," and $15,000,000.00 in "punitive and extra damages."

On June 2, 2023, STC and Holzhaus filed their motion to dismiss under Rule 91a. Their motion surveyed each of Quintana's three claims and his requests for relief, and it argued that none of Quintana's claims were based in law and in fact. On June 5, 2023, the trial court signed an order granting STC and Holzhaus's motion to dismiss. Quintana filed no post-judgment motions. Instead, he timely appealed.

## II. *Pro Se* Briefing

We construe briefs liberally. *See* TEX. R. APP. P. 38.9. Nevertheless, "we hold *pro se* litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure." *Warrior v. Warrior*, No. 04-22-00179-CV, 2023 WL 4921897, at *2 (Tex. App.—San Antonio Aug. 2, 2023, no pet.) (mem. op.) (quoting *Minor v. Red Hook Crab*

*Shack LLC*, No. 04-21-00377-CV, 2022 WL 3219869, at *2 (Tex. App.—San Antonio Aug. 10, 2022, no pet.) (mem. op.)). "To do otherwise would give a *pro se* litigant an unfair advantage over a litigant who is represented by counsel." *Id.* Accordingly, "[o]n appeal, as at trial, the *pro se* appellant must properly present [his] case." *Carreon v. Kelly*, No. 04-21-00538-CV, 2023 WL 3733918, at *6 (Tex. App.—San Antonio May 31, 2023, no pet.) (mem. op.) (quoting *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied)). Moreover, we cannot "perform an independent review of the record and applicable law to determine whether there was error. Were we to do so, even on behalf of a *pro se* appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party." *Olivarri v. Olivarri*, No. 04-17-00477-CV, 2018 WL 2418467, at *2 (Tex. App.—San Antonio May 30, 2018, no pet.) (mem. op.) (quoting *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.)).

In the issues-presented section of Quintana's brief, he states six issues. Verbatim, all six of Quintana's issues are:

1. Does the Court have civil jurisdiction to resolve claims of the State of Texas of the subject property qualify as an urban homestead as that term is defined in Title 5 Chapter 41.002(a) and (c)(1-2) of the Texas Property Code?

2. It is legally established that the subject property was bankruptcy-ordered exempt on March 7, 2019. The order has never been an appeal as defined under 28 U.S.C. § 158(a)(1) and Federal Rule Bankruptcy Procedure 8002(a)(1) within 14 days for the trustee to file a notice of appeal to the United States District Court and failure to comply with Federal Rule Bankruptcy Procedure 8002(a)(1) strips the United States District Court and well this Texas Court of Appeal of appellate jurisdiction on the mandate that the subject property is and still the homestead real property of the Appellant-Jorge L. Quintana, Sr. and his family and sold by a person that is not the owner or has after March 7, 2019 jurisdiction to the subject property?

3. Since March 7, 2019, the subject property has not been property of the bankruptcy estate, or any bankruptcy proceedings, and the property was transferred and sold without the homestead owner's authorization and without the jurisdiction of the bankruptcy court. That also will constitute a violation of the Texas Penal Code?

4.      There is no evidence or bankruptcy court orders that authorize Stewart Title Company to pay any claim or claims to Medina River West Homeowner Association the bankruptcy court orders that Medina River West does not and cannot receive any payment for the bankruptcy case. Upon the own admission of [STC] which paid $15,450.36 dollars to Medina River West without any legal authorization?

5.      In the State of Texas, is it unconstitutional to take from legal and exempted homestead property owners from exercising a fundamental homestead property right which is supported by a court order as appears here with the bankruptcy court order dated March 7, 2019?

6.      Did the trial court err in excluding competent summary evidence that was disclosed to, did not prejudice, and did not surprise [STC]?

The remaining portions of Quintana's brief repeatedly emphasize that the real property that was sold should have been classified as Quintana's homestead, and as such, the real estate transaction that STC and Holzhaus facilitated through their title and escrow services was "fraudulent." Quintana's appellate brief concludes by praying that we reverse the trial court's judgment and "remand to the trial court with instructions that it enter judgment in [his] favor . . . ."

Quintana's *pro se* brief consists of repeated complaints about the "fraudulent" sale of his homestead. It makes no mention of the three "claims" contained in Quintana's original petition, and it fails to argue how any of them have a "basis in law or fact." *See* TEX. R. CIV. P. 91a.1. More importantly, Quintana's brief contains no record references. This omission is a violation of the Texas Rules of Appellate Procedure, which requires that a brief "contain a clear and concise argument for the contentions made, *with appropriate citations* to authorities and *to the record*." TEX. R. APP. P. 38.1(i) (emphasis added). A failure to provide citations or argument and analysis for the contentions can result in waiver. *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 126 (Tex. 2018). We struck Quintana's initial brief because it violated Texas Rule of Appellate Procedure 38.1. Quintana submitted an amended brief that continued to violate Rule 38.1. We again noted that Quintana's amended brief did not "contain a statement of facts *with record*

*references*, [and] a proper legal argument with appropriate citations to the appellate record[.]" We nevertheless directed the clerk of this court to mark Quintana's amended brief as filed, but we "caution[ed] that the submission panel may determine that [Quintana] has waived one or more issues due to inadequate briefing."

## III. ANALYSIS

In the interest of justice, we liberally construe Quintana's brief and attempt to address his appellate argument, which, from what we can determine, pertains to the trial court's granting STC and Holzhaus's dismissal motion three days after it was filed. On appeal, Quintana argues:

> The trial lower court abused its discretion by ruling on the unserved defendants-appellees motion and dismissed the Plaintiff-Appellant verified causes of action without providing notice of hearing and thus without providing Plaintiff-Appellant a meaningful opportunity to respond to the motion on the merits of the evidence and the bankruptcy order dated March 7, 2019, exempting all the Plaintiff-Appellant and his family personal, business and real estate properties.

We hold Quintana did not preserve this complaint. *See Caldwell v. Zimmerman*, No. 03-17-00273-CV, 2017 WL 4899447, at *2 & n.2 (Tex. App.—Austin Oct. 26, 2017, no pet.) (mem. op.) (concluding that complaint that appellant did not have the requisite notice under the rules of civil procedure and a meaningful opportunity to respond to a Rule 91a motion was waived because it was not raised in a new-trial motion); *Odam v. Texans Credit Union*, No. 05-16-00077-CV, 2017 WL 3634274, at *4 (Tex. App.—Dallas Aug. 24, 2017, no pet.) (noting that party waives complaint regarding insufficient Rule 91a notice if it (a) fails to bring complaint to court's attention during hearing or (b) fails to raise issue in motion for new trial if party received no notice of hearing); *cf. Gaskill v. VHS San Antonio Partners, LLC*, 456 S.W.3d 234, 239 (Tex. App.—San Antonio 2014, pet. denied) (noting that complaint of no notice of Rule 91a hearing was preserved in motion for new trial). Therefore, we overrule Quintana's sole discernable issue.

To the extent Quintana attempts to raise issues in his brief other issues, we hold those issues have been waived as inadequately briefed, and we overrule them. *See 2008 Lexus GX470 v. State*, 660 S.W.3d 541, 543 (Tex. App.—San Antonio 2022, no pet.); *see also Etheridge v. Shows*, No. 04-22-00617-CV, 2023 WL 4338958, at *1 (Jul. 5, 2023, no pet.) (mem. op.).

## IV. CONCLUSION

We affirm the trial court's judgment.

Rebeca C. Martinez, Chief Justice