**Opinion issued December 31, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00035-CV

———————————

**ROTHER INVESTMENTS, LLC, Appellant**

**V.**

**TAPATALK, INC., Appellee**

---

**On Appeal from the 207th District Court**
**Hays County, Texas[1]**
**Trial Court Case No. 23-0988**

---

[1]   Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal from the Third Court of Appeals to this Court. *See* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases); TEX. R. APP. P. 41.3 ("In cases transferred by the Supreme Court from one court of appeals to another, the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court ....").

**MEMORANDUM OPINION**

Appellant Rother Investments, Inc. sued Appellee Tapatalk, Inc. for fraud alleging Tapatalk devalued its interest in a note purchase agreement. Tapatalk moved to dismiss Rother's common law fraud claim under Texas Rule of Civil Procedure 91a claiming the action was baseless in both law and fact. The trial court granted the motion and dismissed Rother's claim with prejudice. The trial court separately signed an order awarding Tapatalk $4,406.25 in attorneys' fees and $3,250 in sanctions for Rother's failure to pay the award of fees.

In two issues, Rother argues (1) the trial court erred in granting Tapatalk's Rule 91a motion because Rother was not given the required 14 days' notice of the hearing on the motion, and (2) given the inadequate notice, the trial court also erred in awarding attorneys' fees and sanctions to Tapatalk.

Because we conclude that Rother had more than 14 days' notice of the Rule 91a motion, agreed to the scheduled hearing date, and otherwise did not establish harm, we affirm.

**Background**

The underlying dispute stems from a lawsuit brought by Rother against Tapatalk for common law fraud in connection with the purported sale of intellectual property. According to Tapatalk, it is a "tech startup" and Rother was

an investor. Rother alleged that Tapatalk had "defrauded [Rother] in 2023 by taking an action that devalued [Rother's] interest in a note purchase agreement."

On August 2, 2023, Tapatalk moved to dismiss Rother's claim under Texas Rule of Civil Procedure 91a arguing that its common law fraud was "baseless both in law and in fact" because Rother could not establish reliance and the note purchase agreement about which it complained had been canceled. The certificate of service in the Rule 91a Motion indicates that Tapatalk served Rother with the motion on August 2, 2023.

Tapatalk explains, and Rother does not dispute, that counsel for both parties conferred late in August 2023, and agreed they would set the hearing date for the Rule 91a Motion on September 14, 2023. Based on the parties' discussions, Tapatalk filed a motion to set a hearing for its Rule 91a Motion on September 5 requesting that the motion be heard on September 14, 2023. Tapatalk's motion states, "The undersigned has conferred with counsel for Plaintiff Rother Investments Inc. and has been advised counsel has availability for a hearing on September 14th." The certificate of conference states that counsel for Tapatalk "contacted Brian Buster, counsel for Plaintiff, and he is unopposed to the filing of this Motion." The certificate of service also indicates that Tapatalk served Rother with its motion to set hearing on September 5, 2023.

On September 5, 2023, the court coordinator signed the notice setting the hearing on Tapatalk's Rule 91a Motion on September 14, 2023—the date agreed to by the parties. Rother did not file a response to the Rule 91a Motion or nonsuit its claim prior to the hearing date.

## The Rule 91a Hearing

On September 14, 2023, the trial court held a hearing on Tapatalk's Rule 91a Motion. Before addressing the merits of the motion, Rother's counsel objected to the hearing arguing it had received only 9 days' notice of the hearing rather than the required 14 days:

> [Rother]: We do object to this proceeding right now because notice of hearing—at least the way that I interpret notice of hearing to be given—was signed by the Court that this hearing would occur today, that was signed 9-5.
>
> Under Texas Rule of Civil Procedure 91a 6, there is to be at least 14-days notice of hearing on the motion to dismiss; it has been nine days and so therefore I don't think notice has been properly given.[2]
>
> The Court: Do you have any case law that shows that your notice of hearing only begins running at the time that the order is set for the hearing?

---

[2] Later in the hearing, Rother objected to Tapatalk's request for attorneys' fees, arguing Tapatalk's attorneys' fee affidavit did not satisfy the requirements enumerated in *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019). Rother does not reurge the objection on appeal.

[Rother]: Not at this time, Judge. I'd be happy to file a supplemental brief on that, should the Court request it; however, I am going on the plain, ambiguous [sic] language of the Code itself.

The Court: Okay. Well, it is your procedural issue and I'm just asking if you have anything to show me. Because, from what I understand is, outside of those 14 days—both of your assistants, who happen to share the same name; is that right? "Christina," from your company—

[Tapatalk]: Yes.

The Court: —"Christina" from your company, and they agreed to the September 14th day, is that correct?

[Rother]: They agreed to a setting during the week of September 11th, yes.

The Court: Okay. And that tells me that you did have notice. And the notice, short of anything telling me that the only thing that is the defining factor of when there is notice, is an order setting the hearing. Seems to me that there's been the opportunity for the—Rother to have prepared for this, particularly when they chose this date.

Rother's counsel continued:

I don't believe that there is any way to waive around the other rule requirements. Similar to the way that you seek a summary judgment, you give 21-days notice, you've got to file the notice of hearing, and you've got to make sure that your setting is outside of that window. So that's my argument.

5

Rother did not move for a continuance, explain why it had not filed a response to the Rule 91a Motion, or indicate how it had been harmed by the purported lack of timely notice.

The trial court implicitly overruled Rother's objection, stating, "Okay. So now let's proceed with the Tapatalk Motion to Dismiss."[3] Tapatalk discussed the background of the lawsuit and argued for dismissal under Rule 91a. In response, Rother made only a cursory response to the merits of the motion stating:

> Judge, my response would be that 91a[.]6 also requires that the 91a motion be based on the pleadings, not on extrinsic evidence. So that would be my response there.[4]

He further stated, "I don't think that their pleadings, on their face, meet their burden to carry a 91a motion, Judge." At the conclusion of the hearing, the trial court orally granted Tapatalk's Rule 91a Motion and indicated it would set a hearing for attorneys' fees at a future date.

---

[3]     *See Stauder v. Nichols*, No. 01-08-00773-CV, 2010 WL 2306385, at *5 (Tex. App.—Houston [1st Dist.] June 10, 2010, no pet.) (mem. op.) (holding that by "proceeding to submission" of summary judgment motion, trial court implicitly denied motion for continuance); *Rest. Teams Int'l, Inc. v. MG Sec. Corp.*, 95 S.W.3d 336, 338 (Tex. App.—Dallas 2002, no pet.) (holding trial court implicitly denied motion for continuance when it held hearing on summary judgment motion and later granted motion).

[4]     Rother was referring to an email Tapatalk mentioned to explain the background of the case. Tapatalk explained the email was referenced in Rother's original petition. Rother responded, "I'm just saying if that's all we're relying on, that would be what I bring to the Court's attention would be the evidence requirements under 91a[.]6."

## Subsequent Proceedings

On October 2, 2023, Tapatalk filed a Motion for Award of Attorneys' Fees and Entry of Final Judgment, attaching to its motion an affidavit to prove up Tapatalk's attorneys' fees. The court convened a hearing on the award of attorneys' fees on October 5, 2023. During the hearing, the parties discussed the efficacy of the attorneys' fee affidavit attached to Tapatalk's motion. Following the hearing, the trial court signed an order awarding Tapatalk $4,406.25 in attorneys' fees and ordering Rother to pay the fees within 30 days.

Because Rother failed to pay the fees within the stated time, Tapatalk filed and served on Rother a Motion to Enforce Fees Award and for Sanctions ("Motion for Sanctions") on November 15, 2023. On December 7, 2023, Rother filed a motion requesting that its Motion for Sanctions be set for hearing on December 20, 2023. Tapatalk served Rother with the motion on December 6, 2023, and the court coordinator signed the hearing notice the following day.

Meanwhile, on November 22, 2023, the trial court signed an order granting Tapatalk's Rule 91a Motion and dismissing Rother's fraud claim with prejudice. The November 22 order does not refer to the attorneys' fee award.

On December 20, 2023, the court conducted a hearing on Tapatalk's Motion

7

for Sanctions.  Despite notice, Rother's counsel did not appear at the hearing.[5]

Tapatalk explained that Rother had yet to pay the $4,406.25 in attorney's fees the

trial court had awarded to Tapatalk on October 5, 2023.  The trial court stated:

> I was very clear.  And we definitely said that that was the amount and he had to pay it.  It was a long hearing on it, that's why I still remember it and so there is no doubt on that.  And then further, I put it into the docket sheet.  And if there would have been any issues with that, that could have been raised, but that's never happened.

The trial court granted Tapatalk's Motion for Sanctions.  The trial court's order,

signed on December 20, 2023, "reinforce[d] the award for attorneys' fees and costs

granted to [Tapatalk] on October 5, 2023 in the amount of $4,406.25" and ordered

that Rother "be sanctioned for failing to timely pay the court-ordered award of

attorneys' fees, resulting in additional costs incurred by [Tapatalk] for attempts to

collect on that award."  The court awarded Tapatalk "additional attorneys' fees and

costs in the amount of $3,250."  Rother was ordered to pay the full amount of

$7,656.25 to Tapatalk within 30 days.  This appeal followed.

In two issues, Rother argues the trial court erred in dismissing its claim

because it did not receive "a notice of hearing outside (14) days" as required by

Rule 91a "which resulted in not allowing [Rother] to non-suit its claims without

---

[5]     At the beginning of the hearing, the trial court judge asked the court clerk whether Rother had been given notice of the hearing.  The clerk said, "Yes, Judge.  Looks like there was a certificate of service on motion to set that was filed with the Court on December 7, 2023."

8

prejudice" (Issue One), and given the lack of proper notice, the trial court erred in later awarding attorneys' fees and sanctions to Tapatalk (Issue Two).

## Applicable Law

Rule 91a of the Texas Rule of Civil governs motions to dismiss causes of action that have no basis in law or fact. Rule 91a.1 states:

> Except in a case brought under the Family Code or a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

TEX. R. CIV. P. 91a.1. A Rule 91a motion must be filed "within 60 days after the first pleading containing the challenged cause of action is served on the movant" and "at least 21 days before the motion is heard." *Id.* 91a.3. The non-movant need not file a response, but any response must be filed "no later than seven days before the date of the hearing." *Id.* 91a.4.

A trial court "may, but is not required to, conduct an oral hearing on the motion." *Id.* 91a.6. In other words, the trial court may decide the merits of the motion based on the parties' written submissions. But under the rule, "[e]ach party is entitled to at least 14 days' notice of the hearing on the motion to dismiss." *Id.* 91a.6. Rule 91a.5 further provides that:

9

The court may not rule on a motion to dismiss if, at least 3 days before the date of the hearing, the respondent files a nonsuit of the challenged cause of action, or the movant files a withdrawal of the motion.

TEX. R. CIV. P. 91a.5(a).

## Discussion

Rother does not dispute that Tapatalk filed its Rule 91a Motion within 60 days after service of the pleading with the challenged cause of action or that the Rule 91a Motion was filed at least 21 days before the parties' agreed hearing date of September 14, 2024. Rother's only argument is that because the court coordinator did not sign Tapatalk's motion requesting a hearing for its Rule 91a Motion until September 5, 2024, Rother did not receive 14 days' notice of the hearing as required under Rule 91a.6. We reject Rother's arguments.

## A.     Rother received 14 days' notice of the hearing date.

Rule 91a.6 provides that "[e]ach party is entitled to at least 14 days' notice of the hearing on the motion to dismiss." TEX. R. CIV. P. 91a.6(a). Rother does not dispute it knew of the September 14 hearing in August 2023. Indeed, it is undisputed that counsel for both parties conferred in late August 2023, and that at that time, the parties discussed setting the Rule 91a Motion for hearing on September 14. Relying on the parties' August 2023 discussions, on September 5, Tapatalk filed its Motion to Set Hearing indicating that its counsel had "conferred with counsel for Plaintiff Rother Investments Inc. and [was] advised [that] counsel

10

has availability for a hearing [on the Rule 91a Motion] on September 14th." Tapatalk's certificate of conference states that Tapatalk "contacted Brian Buster, counsel for Plaintiff, and he is unopposed to the filing of this Motion" requesting a September 14 hearing date.

Rother thus cannot dispute that it knew as early as August 2023 that the hearing would be set on September 14. Rother instead argues that because the court coordinator did not sign the notice of hearing until September 5, the trial court erred in hearing and granting the Rule 91a motion on September 14. Rother likens the Rule 91a notice requirement to the notice requirement in summary judgment motions, arguing that a trial court "errs if it grants a motion for summary judgment without giving prior notice of the hearing date to the non-movant." Relying on *Gaskill v. VHS San Antonio Partners, LLC*, 456 S.W.3d 234 (Tex. App.—San Antonio 2014, pet. denied), Rother argues that because the hearing date for a Rule 91a motion "triggers the respondent's deadlines to file a nonsuit or amended pleading," strict compliance with the rule's notice requirement is required.

The holding in *Gaskill* has no application here. The defendant in *Gaskill* moved for dismissal of the plaintiff's claims under Rule 91a, but it never set its motion for hearing. *Id.* at 237. Believing January 3 would be the last day for the trial court to rule on the pending motion, the defendant on December 31 filed a

11

motion for expedited hearing or, in the alternative, a motion to enlarge time to consider the motion. *Id.* The trial court granted the motion to expedite on January 3, and immediately thereafter granted the defendant's Rule 91a motion dismissing the plaintiff's claims. *Id.* Because the plaintiff received no prior notice of the hearing, it did not have "a meaningful opportunity to respond to the motion on the merits." *Id.* at 239. The appellate court thus concluded the trial court had erred in conducting a hearing and granting the motion. *Id.*

*Gaskill* is not analogous. Unlike the plaintiff in *Gaskill*, Rother did not receive notice of the hearing on the day the hearing was set nor did the trial court rule on the Rule 91 Motion on the day the court coordinator signed the notice of hearing. As Rother acknowledges, the court coordinator signed the notice of hearing on September 5, indicating the hearing for the Rule 91a Motion would take place nine days later, on September 14. Moreover, unlike the plaintiff in *Gaskill*, Rother knew in August 2023 that the parties would request a hearing on September 14, because the parties conferred about the hearing date in August and Rother indicated it was available for hearing on September 14. Indeed, Rother conceded during the Rule 91a Motion hearing that he was involved in discussions of the hearing date "outside" the fourteen-day period:

> The Court:      Okay. Well, it is your procedural issue and I'm just asking if you have anything to show me. Because, from what I understand is, *outside of those 14 days*—both of your assistants, who

|  |  | happen to share the same name; is that right? "Christina," from your company— |
|---|---|---|
| [Rother]: | Yes. | |
| The Court: | | —"Christina" from your company, and they agreed to the September 14th day, is that correct? |
| [Tapatalk]: | | They agreed to a setting during the week of September 11th, yes. |
| The Court: | | Okay. And that tells me that you did have notice. And the notice, short of anything telling me that the only thing that is the defining factor of when there is notice, is an order setting the hearing. Seems to me that there's been the opportunity for the—Rother to have prepared for this, particularly when they chose this date. |

(Emphasis added.) Thus, as the trial court concluded, Rother "did have notice" of the hearing beyond the 14 days required under Rule 91a.6.

## B.     Rother agreed to the hearing date.

Notwithstanding, Rother argues that because the court coordinator did not sign the notice of hearing until September 5, it had only 9 days' notice of the hearing. Rother appears to argue that Rule 91a.6 contemplates a court-issued notice of hearing.

Rule 91a.6 does not define "notice" or indicate that notice of a hearing must be issued by the court. But even if the notice requirement contemplated a court-issued notice, our conclusion would be the same because Rother agreed to the

13

September 14 hearing date. It did so by representing to Tapatalk it was available for hearing on September 14, and by expressing its non-opposition to Tapatalk's motion requesting that the hearing bet set on that date.

It is well-settled that parties may agree to alter procedural deadlines, including hearing and response deadlines enumerated in the Texas Rules of Civil Procedure. For example, in the summary judgment context, parties may agree to a hearing date of less than the twenty-one days required by Rule 166a(c). *See Bell v. Showa Denko K.K.*, 899 S.W.2d 749, 759 (Tex. App.—Amarillo 1995, writ denied) ("[A]n agreement to shorten the time period for [a summary judgment] hearing is sufficient to waive any objection to the shortened time."); *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 169 S.W.3d 27, 32 n.5 (Tex. App.—Corpus Christi–Edinburg 2005), *aff'd*, 275 S.W.3d 444 (Tex. 2008) (noting that parties agreed to shorten time for notice of summary judgment hearing and for filing response); *Sheffield Dev. Co., Inc. v. Carter & Burgess, Inc.*, No. 02-11-00204-CV, 2012 WL 6632500, at *16 (Tex. App.—Fort Worth Dec. 21, 2012, pet. dism'd) (mem. op.) (noting parties agreed to summary judgment hearing date and shortened notice date); *see also* TEX. R. CIV. P. 191.1 (stating parties may modify discovery procedures and limitations by Rule 11 agreement); *Abedinia v. Lighthouse Prop. Ins. Co.*, No. 12-20-00183-CV, 2021 WL 4898456, at *2 (Tex. App.—Tyler Oct.

20, 2021, pet. denied) (mem. op.) (noting parties may "contractually agree" to shorten limitations period for breach of contract claim).

Thus, because Rother agreed to the September 14 hearing date, it cannot now argue it was entitled to additional notice.

**C.    Rother was not harmed by any alleged deficiency in the hearing notice.**

Even if we agreed with Rother that the court failed to comply with the notice requirement of Rule 91a.6, we cannot reverse if the error was harmless. *See Lempar v. Ballantyne*, No. 04-22-00621-CV, 2023 WL 8896917, at *5 (Tex. App.—San Antonio Dec. 27, 2023, no pet.) (mem. op.) ("If a party preserves its complaint of late notice [of a Rule 91a hearing] for appeal, then the party must also be able to show on appeal that harm resulted.") (citing TEX. R. APP. P. 44.1); *cf. Caldwell v. Zimmerman*, No. 03-17-00273-CV, 2017 WL 4899447, at *3 (Tex. App.—Austin Oct. 26, 2017, pet denied) (mem. op.) ("[E]ven if there were a procedural defect with the [Rule 91a.3] notice that Caldwell was provided, any such error was harmless."); *Walker v. Owens*, 492 S.W.3d 787, 791 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("[T]he court's non-compliance with the mandatory language of [Rule 91a.3] will not result in reversal if the error is found to be harmless.").

Rother correctly argues that the hearing date for Tapatalk's Rule 91a Motion determined its deadline for filing a response and triggered its deadline to file a

15

nonsuit or amended pleading. Rule 91a.4 provides that "any response [to a Rule 91 motion] must be filed no later than 7 days before the date of the hearing." TEX. R. CIV. P. 91a.4. Separately, "if at least 3 days before the date of the hearing, the respondent files a nonsuit of the challenged cause of action," the trial court "may not rule on [the] motion to dismiss." *Id.* 91a.5.

Rother argues that given Rule 91a.4 and the "defect in the timing" of the hearing notice signed on September 5, Rother "was deprived of additional time to non-suit its claims without prejudice[.]" It argues that had it received proper notice, Rother would have had two additional days in which it could have non-suited its claims. Rother argues that the trial court's order granting the Rule 91a Motion should be reversed

> so that [it] may be afforded the full fourteen (14) days required by Tex. R. Civ. P. 91a.6 in order to non-suit its claims without prejudice to refiling. Having been afforded the full 14 days, there would have been no attorney's fees awarded, and therefore no reconsideration for said fees nor sanctions for failing to comply with an order that should ultimately be a nullity.

Rother makes no other harm argument. He states only that "one cannot count backwards from a date certain that occurs after the very hearing the rules are designed to avoid."

We fail to see how Rother's arguments establish harm. As we noted, Rother had more than 14 days' notice of the hearing, but even if had received only 9 days' notice, Rother still had ample time to non-suit its claim if it so desired. Under Rule

16

91a.4, Rother's non-suit was due "at least 3 days before the date of the hearing." Rother thus could have filed a non-suit at any time between September 5 and September 11, 2023. Although nothing prevented it from doing so, Rother failed to file a non-suit within this time.

Moreover, because Rother knew of the Rule 91a Motion when it was first filed on August 2, 2023, and it had notice of the signed hearing notice, which the court coordinator signed on September 5 in advance of any response or non-suit deadline, any argument that Rother did not know the applicable deadlines lacks merit. *See Lempar*, 2023 WL 8896917, at *5 (concluding no harm demonstrated by appellant who complained of failure to provide fourteen days' notice of Rule 91a hearing when appellant admitted he was aware of motion to dismiss twenty-six days before hearing and of "substantially similar" motion to dismiss to be argued at same time); *see also Cunningham v. Zurich*, 352 S.W.3d 519, 532 (finding no harm in summary judgment context when party received actual notice of hearing 18 days before hearing instead of 21 days).[6]

---

[6]  In *Lempar v. Ballantyne*, the appellant objected when he received less than fourteen days' notice that one of the defendants (Ballantyne) was going to participate in the hearing for a Rule 91a motion filed by another defendant. No. 04-22-00621-CV, 2023 WL 8896917, at *5 (Tex. App.—San Antonio Dec. 27, 2023, no pet.) (mem. op.). The appellant admitted he was aware of Ballantyne's motion to dismiss twenty-six days before the dismissal hearing and that he had received the other defendant's motion to dismiss, which was apparently timely noticed and was "substantially similar" to Ballantyne's motion. *Id.* The court said that "assuming without deciding that error occurred, we conclude that [the appellant] has not demonstrated harm." *Id.*

17

We thus hold that even if error occurred, Rother has not demonstrated harm. We overrule Rother's first issue.

## Attorneys' Fees and Sanctions

In his second issue, Rother agues the trial court erred in awarding attorneys' fees and sanctions to Tapatalk. Rother's arguments as to attorneys' fees and sanctions states in its entirety:

> Because the Trial Court erred in granting an Order Granting Defendant Tapatalk, Inc.'s Motion for Dismissal of a Baseless Cause of Action, the fees awarded, and subsequently reconsidered along with sanctions, should also be reversed as a natural consequence of Appellant not being given the full amount of time as required by the Texas Rules of Civil Procedure.

> In accordance with Tex. R. Civ. P. 91a.5, if Appellant had been given the full fourteen (14) days required in a notice of hearing, it would have had ample time to file a notice of non-suit, which would have precluded the Trial Court from ruling on the Tap[a]talk's motion, thereby precluding an award of fees, sanctions, or any other ruling that was subsequently entered by the Trial Court. See Tex. R. Civ. P. 91a.5.

Rother's argument is deficient for three reasons. First, because we have already concluded that the trial court did not err by conducting a hearing on the Rule 91a Motion on September 14, Rother's argument—which only addresses the timeliness of the hearing and not the merits of the Rule 91a motion or attorneys' fee or sanctions award—is meritless.

Second, Rother's argument as to attorneys' fees and sanctions does not comport with Texas Rule of Appellate Procedure 38.1(i). Rule 38.1(i) requires an

18

argument to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). The attorneys' fees and sanctions arguments do not cite to the record or to legal authorities other than Rule 91a.5. Rather, Rother simply reiterates its argument that the trial court erred in conducting a hearing on the Rule 91a Motion without adhering to the 14 days' notice period. As noted, it does not argue the merits of the award of the attorneys' fees or the imposition of sanctions.[7] Thus, we hold Rother waived its appeal of the award of attorneys' fees and sanctions.

Finally, we note that we lack jurisdiction over the appeal of the sanctions order. Rother's notice of appeal refers only to the "Order Granting Defendant Tapatalk, Inc.'s Motion for Dismissal of a Baseless Cause of Action" signed on November 22, 2023. The notice attaches the November 22 order. Assuming without deciding that the October 5, 2023 order awarding attorneys' fees was subsumed into the November 22 order, the notice of appeal still would not contemplate the subsequent December 20, 2023 sanctions award. *See Ortiz v. St. Teresa Nursing & Rehab. Ctr., LLC*, 579 S.W.3d 696, 702 (Tex. App.—El Paso 2019, pet. denied) ("[W]e are precluded from considering an appeal from an order

---

[7] Although Rother did not file a written response with respect to the award of attorneys' fees, it argued the merits of the attorneys' fee award during a hearing in the trial court. However, it does not re-urge that argument on appeal. In addition, the record lacks any indication that Rother argued against the award of sanctions in the trial court.

never identified in the notice of appeal.") (quoting TEX. R. APP. P. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or *order appealed from.*") (emphasis in original)); *Malik v. Malik*, No. 01-22-00606-CV, 2024 WL 2278864, at *4 (Tex. App.—Houston [1st Dist.] May 21, 2024, no pet. h.) (mem. op.) (concluding reviewing court lacked jurisdiction to review challenge to summary judgment orders not identified in notice of appeal); *Jones v. Port Arthur Indep. Sch. Dist.*, No. 09-16-00374-CV, 2018 WL 3149162, at *1 n.2 (Tex. App.—Beaumont June 28, 2018, no pet.) (mem. op.) (declining to address issue related to order that was not identified in notice of appeal).

We thus overrule Rother's second issue.

## Conclusion

We affirm the trial court's judgment.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Kelly, Landau, and Rivas-Molloy.